JOHN PENDERGRASS, by his next friend, JOHN COLEMAN,

*vs.*

YORK MANUFACTURING COMPANY.

York.  Opinion December 15, 1884.

*Nonsuit. Practice.*

A judgment of nonsuit is not a bar to a subsequent action for the same cause.

ON REPORT.

An action of the case to recover damages for injuries alleged to have been received by the plaintiff, through the breaking of the rope of an elevator in the defendant's mill, August 13, 1881.

The question presented by the report is stated in the opinion.

*Benjamin F. Hamilton* and *George F. Haley*, for the plaintiff, cited: *Sanford* v. *Emery*, 2 Maine, 5; *Perley* v. *Little*, 3 Maine, 97; *Mitchell* v. *New England Marine Ins. Co.* 6 Pick. 117; *Bragdon* v. *Appleton Mutual Fire Ins. Co.* 42 Maine, 259; *Safford* v. *Stevens*, 2 Wend. 158; *Scofield* v. *Hernandez*, 47 N. Y. 313.

Judgments of nonsuit is an exception to the general rule that where the pleadings, the court and the parties are such as to permit of a trial on the merits, the judgment will be considered as final and conclusive of all matters which could have been so tried. Freeman on Judgments, 228, and cases there cited; Murch on Arbitraments, 215; *Clapp* v. *Thomas*, 5 Allen, 159;

*Morgan* v. *Bliss*, 2 Mass. 111; *Jay* v. *Carthage*, 48 Maine, 359; *Bridge* v. *Sumner*, 1 Pick. 370; *Knox* v. *Waldoboro'*, 5 Greenl. 185; *Derby* v. *Jacques*, 1 Cliff. 425; *Wade* v. *Howard*, 8 Pick. 353; *Homer* v. *Brown*, 16 Howard, 363; *Wheeler* v. *Ruckman*, 7 Rob. 447; *Merritt* v. *Campbell*, 47 California, 542; 27 New York, 216; *Eaton* v. *George*, 40 N. H. 258.

*Strout and Holmes* and *R. P. Tapley*, for the defendant.

It is admitted that the general doctrine, at common law, was that a judgment of nonsuit is no bar to a subsequent action for the same cause. This arises from the fact that it was no determination of the merits of the cause, by either court or jury. The original judgment of nonsuit was upon the plaintiff's failure to appear when the jury returned to the bar, in which case no verdict was given. Bouvier's Law Dict. Title " Judgment of Nonsuit ; " 2 Tidd's Practice, 867. So when he had commenced an action and did not prosecute it, or choose to discontinue, the judgment was " as in case of nonsuit, " and had the same effect. *Ibid.* and Title " Nonsuit ; " 2 Tidd's Practice, 762. " Nonsuit at common law was a mere default or neglect of the plaintiff, to pursue his remedy, and therefore he was allowed to begin his suit again, upon payment of costs. " *Derby* v. *Jacques*, 1 Cliff. 425. So where an action was brought in assumpsit, where the plaintiff's remedy was in debt, a nonsuit was no bar to the proper suit, for that cause of action had not been heard. 1 Chitty's Pl. 198.

The limitation of the rule, that a former judgment shall be a bar to a new action, is to judgment on the merits, and a judgment, which was for the defendant on demurrer, does not bar a new action with a good declaration. *Wilbur* v. *Gilmore*, 21 Pick. 250. So where a former judgment was of nonsuit, it was successfully objected that the plea did not show it was upon the merits. *Wade* v. *Howard*, 8 Pick. 353. And where a judgment of nonsuit was pleaded, the plaintiff avoided it by showing that it was not on the merits. *Jay* v. *Carthage*, 48 Maine, 353. So where a motion for nonsuit was granted, and a complaint dismissed with an allowance to defendant, if there

should be further litigation, and the judgment was pleaded in bar, the court said : " A trial upon which nothing was determined, cannot support a plea of *res adjudicata*, or have any weight as evidence at another trial. " *Manhattan Life Ins. Co.* v. *Broughton*, 109 U. S. 121.

It is only when the point in issue has been determined that the judgment is a bar. *Lord* v. *Chadbourne* 42 Maine, 429 ; 1 Green. Ev. 529, 530. " Nor is there any foundation for the objection that the former nonsuit is a bar to another libel, it having been voluntary, and not a judgment of the court. " *Jay* v. *Almy*, 1 W. & M. 262, 271.

" If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit. " *Hughes* v. *United States*, 4 Wall. 232.

Now in the case at bar, the judgment, though containing the word nonsuit, was not a " judgment of nonsuit " in its original technical sense, nor even in the enlarged sense of being an abandonment of the case or failure to prosecute. It was a judgment of the court upon the merits.

The plaintiff's evidence was all in and he had rested his case. No facts were in dispute upon the testimony as it stood. Upon undisputed facts, it is for the court to determine whether the parties were negligent or not. *Grows* v. *Me. Central R. Co.* 67 Maine, 100 ; *Brown* v. *European & N. A. R. Co.* 58 Maine, 384, 389.

It is granted that it is often a nice question whether the testimony be so clear and precise as to afford scope for this function of the court. But that question cannot arise in this case. That was one of the things presented by the former judgment. If the justice who then presided, erred in the conclusions of law which he reached upon the testimony, his ruling might have been reviewed in this court, in that case. That not having been done, it must be taken as concluded, that the testimony of the plaintiff with every inference that could be

drawn in his favor from it, warranted the judgment of the court. *Gavett* v. *M. & L. R. Co.* 16 Gray, 501 ; *Beaulieu* v. *Portland Co.* 48 Maine, 291.

HASKELL, J. To this action, the defendant pleaded a judgment in its favor, rendered by this court in a former suit upon the same cause of action, by the plaintiff against the defendant. In support of that plea, the defendant produced and read in evidence, the record of that judgment of the following tenor.

" The action comes on for trial on the twelfth day of the present term, and is opened to the jury duly impanneled and sworn to try the issue, and after the plaintiff had introduced his testimony and stopped, the presiding justice, after a careful review of the said testimony, considered that the plaintiff, at the time of receiving his said injury was not in the exercise of ordinary care, but that he with a full personal knowledge of the said defective condition of the defendant's machinery by which he was injured, voluntarily entered into the use thereof and that the said defective machinery existed solely through the default of a co-laborer of the plaintiff and not through that of the defendant. Therefore it is considered by the court that the plaintiff do not recover against the said defendant and thereupon ordered a nonsuit."

The case was then reported for the law court to determine whether the record of that judgment supported the defendant's plea, and would bar this action.

To the former suit for damages occasioned to the plaintiff's person by the negligence of the defendant, the general issue of not guilty was interposed, and the defendant as to the truth thereof " put itself upon the country," and the " plaintiff did the like." The cause was opened to the jury and the plaintiff's evidence was heard, whereupon the court determined that the evidence produced did not in law cast a liability upon the defendant, and therefore ordered, upon the defendant's motion, that the plaintiff become " nonsuit." This method of procedure, the court in the exercise of its discretion had a right to adopt, but in the exercise of that right, what did the court determine?

and what could it lawfully determine? could it determine the issue of fact as to the defendant's guilt? That issue had been submitted by the parties to the jury, to say after hearing all the evidence in the case what the fact was.

Defendant, instead of calling for a nonsuit, if it dared to risk the result, might have submitted the cause to the jury without producing any evidence in its favor, and the issue tendered would have been found by the jury, and judgment upon the verdict would have been a bar of any future action for the same cause. Defendant did not choose this course, but preferred to take the opinion of the court upon the legal effect of the plaintiff's evidence, without producing its own, that in case the ruling should be adverse, the whole evidence might be considered by the jury. This the defendant might lawfully do, but it should only reap those benefits naturally flowing from its chosen methods. The presiding justice considered the plaintiff's evidence insufficient in the original action to warrant him in submitting the cause to the jury, and directed the plaintiff to become nonsuit. It matters not why he ordered this result. His reasons, doubtless, were good and sufficient to justify his action; but it is entirely immaterial what they were, or whether they were properly inserted in the record. He determined no issue of fact, for that issue had been tendered to the jury. His decision upon questions of fact can only be an effectual bar, when submitted to him by both parties, and unless they agree to abide the decision of the court on such questions, the law requires that the jury alone shall determine them. In ordering a nonsuit on account of the insufficiency of the plaintiff's evidence, the court simply declares the law applicable thereto. It says the facts proved by the plaintiff fail to cast any legal liability upon the defendant; but it does not attempt to determine the actual facts of the case, nor can it do so, for the law has imposed that duty elsewhere, and as the facts of the case are not determined, it does not follow, that the plaintiff in some future suit may not be able to produce more and better evidence of his claim, which he is at liberty to do.

This view is in full accord with the cases adjudged by courts that proceed according to the course of the common law. *Morgan*

*et al.* v. *Bliss,* 2 Mass. 111.   In *Knox* v. *Waldoboro',* 5 Greenl. 185, it appeared that the parties in a former suit for the same cause of action signed an agreed statement of facts, and stipulated that, if the facts did not warrant the action, the plaintiff should become nonsuit, and the court held, that a judgment of nonsuit entered according to the stipulation was no bar to the action.

In that case the judgment of nonsuit was held to be no bar, because the facts touching the rights of the parties had not been adjudged by any tribunal.   The court in the original suit simply determined the law applicable to the facts agreed.   So in the action wherein a judgment of nonsuit was rendered, that is claimed to bar this suit, the undisputed facts were held insufficient in law to support the action, but were not adjudged, that is, decided in the defendant's favor.   So too a nonsuit upon an agreed statement of facts was held to be no bar to a subsequent suit.   *Homer* v. *Brown,* 16 How. 354.   It has been said that a "nonsuit is but like blowing out a candle which a man at his own pleasure lights again." March on Arbitraments, 215 ; *Clapp* v. *Thomas,* 5 Allen, 158 ; *Bridge* v. *Sumner,* 1 Pick. 370 ; *Manhattan Life Ins. Co.* v. *Broughton,* 109 U. S. 121 ; *Audubon, Ex.* v. *Excelsior Ins. Co.* 27 N. Y. 216 ; *Eaton* v. *George,* 40 N. H. 258 ; *Derby* v. *Jacques et al.* 1 Clifford, 425 ; *Jay* v. *Carthage,* 48 Maine, 353.

*Action to stand for trial.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.