FRED LINTON, Appellant, v. PERRY KNITTING COMPANY, Respondent.

Argued October 1, 1945; decided November 29, 1945.

*William L. Clay* for appellant. I. There has been no existing final judgment rendered on the merits determining the same cause of action between the parties and the dismissal of the prior action on motion for the grounds indicated was not *res. judicata.* (*Merritt & C. D. & W. Co.* v. *T. & T. Co.,* 106 Misc. 247; *Fogarty* v. *O'Reilly,* 56 Misc. 192, 123 App. Div. 923; *Thorburn* v. *Gates,* 103 Misc. 292, 184 App. Div. 443; *Smith* v. *McNeal,* 109 U. S. 426; *Lipkind* v. *Ward,* 256 App. Div. 74; *Cook* v. *Conners,* 215 N. Y. 175.) II. The allegations of the complaint and the affidavit submitted in opposition to defendant's motion raised issues of fact which cannot be determined on motion. (*Burrows* v. *Scherer,* 228 App. Div. 673; *Giannavola* v. *General Railway Signal Co.,* 244 App. Div. 65.) III. Plaintiff's sole remedy in this action is the pending suit at common law and he has a right to maintain the action. (*Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 313; *McNeely* v. *Carolina,* 206 N. C. 568; *Victory* v. *Francks,* 146 Md. 368; *Gay* v. *Hocking Coal Co.,* 169 N. W. 360; *Bolosino* v. *Laclede,* 124 S. W. 2d 581; *Harris* v. *Southern Cast Iron Company,* 162 So. 431; *Evans* v. *Chevrolet Motor Co.,* 105 S. W. 2d 1087; *McNeelly* v. *Sheppeard,* 89 **F.**

2d 956; *Harris* v. *Southern Carbon Company,* 162 So. 430; *Ramsay* v. *Sullivan Mining Co.,* 6 P. 2d 856.) IV. The complaint sets forth facts sufficient to constitute a cause of action. (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287; *Wainwright & Page* v. *Burr & McAuley, Inc.,* 272 N. Y. 130; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Burrows* v. *Scherer,* 228 App. Div. 673; *Saynes* v. *George Nowland Corp.,* 255 App. Div. 858.) V. The defense of *res judicata* is not tenable.

*Casper V. Baltensperger, Patrick S. Mason* and *Bernard Katzen* for respondent. I. There is an existing and final judgment determining the same cause of action between the parties. That judgment is a bar to this action. (*Secor* v. *Sturgis,* 16 N. Y. 548; *Nathans* v. *Hope,* 77 N. Y. 420; *Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287; *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316; *De Coss* v. *Turner & Blanchard, Inc.,* 267 N. Y. 207; *Miller* v. *United States Gypsum Co.,* 96 F. 2d 69; *Cauldwell-Wingate Co.* v. *City of New York,* 252 App. Div. 559, 278 N. Y. 477; *Joannes Brothers Co.* v. *Lamborn,* 237 N. Y. 207; *Matter of Beckmann* v. *Talbot,* 278 N. Y. 146; *Matter of Costers Estate,* 167 Misc. 937, 255 App. Div. 707, 280 N. Y. 598; *Newton* v. *Wade,* 239 App. Div. 742; *Matter of New York State Labor Relations Board* v. *Holland Laundry Inc.,* 294 N. Y. 480; *Wilson's Executor* v. *Deen,* 121 U. S. 525; *Brundige* v. *Bradley,* 294 N. Y. 345.) II. The court lacks jurisdiction of the subject matter of the action. (*Matter of Goldberg,* 276 N. Y. 313; *Matter of Bishop* v. *Comer & Pollack, Inc.,* 251 App. Div. 492; *delBusto* v. *DuPont deNemours & Co.,* 167 Misc. 920, 259 App. Div. 1070, 284 N. Y. 817; *Scherini* v. *Titanium Alloy Co.,* 286 N. Y. 531; *Schwartz* v. *Bausch & Lomb Optical Co.,* 263 App. Div. 1065, 291 N. Y. 765; *Hurd* v. *Republic Steel Corp.,* 268 App. Div. 936.) III. The complaint does not set forth facts sufficient to constitute a cause of action. (*Nulie* v. *Hardman, Peck & Co.,* 185 App. Div. 351; *Basso* v. *Clark & Son, Inc.,* 108 Misc. 78; *Volk* v. *City of New York,* 259 App. Div. 247; *Culhane* v. *Economical Garage, Inc.,* 195 App. Div. 108; *Kuhn* v. *City of New York,* 274 N. Y. 118; *Morris* v. *Muldoon,* 190 App. Div. 689.)

LOUGHRAN, Ch. J. A motion made before trial by the defendant for dismissal of the complaint was denied at Special Term. The Appellate Division reversed and granted the motion. The complaint in an earlier action between the same parties had been finally dismissed by a judgment that stood unreversed. In the view of the Appellate Division, that former judgment was a bar to the present action.

The grounds of the defendant's attack upon the complaint in the earlier action were that (1) the cause of action was barred by the Statute of Limitations and (2) the Workmen's Compensation Law of the State of New York provided the exclusive remedy of the plaintiff and the exclusive liability of the defendant. The objection that the Workmen's Compensation Law was the sole remedy did not go to the jurisdiction of the court (as the plaintiff thinks) but went to the sufficiency of the earlier complaint as the statement of a cause of action (see *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139). Hence no question in respect of the power of a court conclusively to determine its own jurisdiction was here presented.

The former judgment was a final determination that for either of two several legal reasons the allegations of the earlier complaint were without more quite ineffectual. Such a determination, whether right or wrong, is a bar to another action for the same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other (*Joannes Brothers Co.* v. *Lamborn,* 237 N. Y. 207). The complaint now before us is virtually a copy of its predecessor. Hence dismissal of the present action was validly directed, even if the judgment in the earlier action was not a judgment on the merits — a point that we do not decide. (Cf. Civ. Prac. Act, § 482; *Richard* v. *American Union Bank,* 253 N. Y. 166; *Brick* v. *Cohn-Hall-Marx Co.,* 283 N. Y. 99, 104; 2 Freeman on Judgments [5th ed.], §§ 745, 746, 747; Restatement, Judgments, §§ 49, 50.)

The judgment should be affirmed, without costs.

LEWIS, CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgment affirmed.