James J. Crisona, J.
Defendant moves for an order dismissing the complaint (1) on the ground of res judicata and (2) for legal insufficiency.
Plaintiff alleges that on or about December 2, 1959 he and the defendant entered into an oral agreement whereby plaintiff was retained as defendant’s representative in connection with the sale of defendant’s products within a specified territory and that defendant agreed to pay plaintiff a commission of 10% on all orders received by the defendant from customers within said territory. Subsequently, plaintiff requested written confirmation of said agreement and certain correspondence between the parties is annexed to the complaint.
Plaintiff further alleges that he distributed printed material to prospective customers and expended money in soliciting accounts on behalf of the defendant; that his efforts were successful and that defendant sold and is selling its products to customers obtained by the plaintiff but that defendant has refused to honor its agreement; that plaintiff has demanded his commissions, but that defendant has refused to pay him. Plaintiff demands judgment in the sum of $10,000.
*559 In a prior complaint, plaintiff alleged substantially the same facts but demanded á declaratory judgment setting forth the rights of the parties and directing defendant to account to the plaintiff.
Defendant moved to dismiss the prior complaint on the ground that it did not state facts sufficient to constitute a cause of action. Said motion was adjourned twice but on the final return day plaintiff’s attorney overlooked the matter and defendant’s motion was granted by default.
Plaintiff’s attorney avers and it is not denied by defendant that on the prior motion defendant had contended that an action for a declaratory judgment and an accounting was not the proper remedy. Plaintiff’s attorney states that after the default he decided to accept defendant’s contention in this respect and to commence a new action at law for money damages rather than to seek to open the default.
Defendant contends that the judgment entered on the order dismissing the former complaint is a bar to this action. It is true that a judgment dismissing a complaint for insufficiency is a bar to another action unless the defects or omissions of the earlier complaint are corrected or supplied by the subsequent pleading. (Linton v. Perry Knitting Co., 295 N. Y. 14, 17.)
In Freeman, Judgments (5th ed., vol 2, § 734, pp. 1548-1549) the author says: “ Where a party misconceives his rights and sues for relief to which he is not entitled on the facts, an adverse judgment does not bar a second action on a different theory for the relief to which he is entitled, the causes of action in such case not being the same.”
Thus, in Smith v. Kirkpatrick (305 N. Y. 66), the Court of Appeals sustained a complaint in quantum meruit after two previous complaints had been dismissed, one under the Statute of Frauds and the other after a trial on the merits, neither of which sounded in quantum meruit.
In the instant case, plaintiff’s former action was for a declaratory judgment and an accounting. He now sues for damages for breach of contract. This court is of the opinion that the judgment in the former action is no bar to the present action. Accordingly, defendant’s motion to dismiss the complaint on the ground of res judicata is denied.
The present complaint adequately presents a case for breach of contract and defendant’s motion to dismiss for insufficiency is likewise denied. Submit order.