James E. Niehoff, J.
The Mayor and Trustees of the Village of Lynbrook bring this action against the Comptroller of the State of New York and the Commissioner of Taxation and Finance of the State of New York for a declaration that the "additional city apportionment” provisions of the State Finance Law are unconstitutional.
More specifically the plaintiffs claim that section 54 of the New York State Finance Law which grants more State aid proportionately for cities than for villages "abridges the privileges and immunities of the plaintiffs, deprives them of property without due process of law and denies them the equal protection of the laws.”
In 1972 the same plaintiffs sued the same defendants on the same claim in the United States District Court for the Eastern District of New York. In that action defendants moved to dismiss the complaint for lack of subject matter jurisdiction in the Federal courts and for failure to state a claim for relief that is discussed in the briefs in terms of lack of standing to maintain the action. Judge Anthony J. Travia, after considering the briefs submitted by the parties and hearing extended oral argument, made an order denying plaintiff’s application for the appointment of a three-Judge court and he dismissed the complaint.
Plaintiffs appealed to the United States Court of Appeals for the Second Circuit and that court unanimously affirmed the dismissal of the complaint (489 F2d 1087, cert den 416 US 985). Thereafter, the present action was commenced. The only difference between the complaint in the prior Federal action and that in the present action is the addition in the instant complaint of the words "It [the statute in question] also violates N.Y. Constit. Art. I Sec. 11.” Section 11 of article I of the New York Constitution proscribes the denial of equal protection of the laws.
The Court is now faced with a motion by the defendants for an order dismissing the complaint upon the grounds that the complaint: (1) is barred by res judicata; and (2) fails to state a *666 cause of action; and (3) that plaintiffs lack standing to challenge subdivision 2 of section 54 of the State Finance Law.
The plaintiffs argue that the complaint in the prior action was dismissed for failure to present a substantial Federal question; that the instant action is not based upon the existence of a substantial Federal question; and that, therefore, the doctrine of res judicata does not apply.
In the case of Linton v Perry Knitting Co. (295 NY 14) a second action between the same parties was commenced after the complaint in the first action had been dismissed. A motion was made to dismiss the complaint in the second action. Special Term denied the motion. The Appellate Division reversed and granted the motion holding that the judgment in the first action was a bar to the second action. In affirming the decision of the Appellate Division the Court of Appeals wrote (p 17): "The former judgment was a final determination that for either of two several legal reasons the allegations of the earlier complaint were without more quite ineffectual. Such a determination, whether right or wrong, is a bar to another action for the same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other (Joannes Brothers Co. v Lamborn, 237 NY 207). The complaint now before us is virtually a copy of its predecessor. Hence dismissal of the present action was validly directed, even if the judgment in the earlier action was not a judgment on the merits — a point that we do not decide. (Cf. Civ Prac Act, § 482; Richard v American Union Bank, 253 NY 166; Brick v Cohn-Hall-Marx Co., 283 NY 99, 104; 2 Freeman on Judgments [5th ed], §§ 745, 746, 747; Restatement, Judgments, §§ 49, 50.)”
For reasons hereinafter set forth it is the opinion of this court that the rationale underlying the Linton case applies to the complaint in this action and mandates its dismissal, at least insofar as it asserts that section 54 of the State Finance Law violates the United States Constitution.
As already noted, the only difference between the complaint in the prior Federal action and that in the present action is the addition in the instant complaint of approximately eight words by which the plaintiffs contend that section 54 of the State Finance Law deprives them of equal protection of the laws under the New State Constitution as well as under the United States Constitution. An examination of the opinion of the Court of Appeals, Second Circuit, in the first action *667 rendered by Medina, J. discloses that such court considered each of plaintiffs’ claims that section 54 was unconstitutional and found each of them to be without merit, i.e., that the complaint failed to state a cause of action for relief. Several excerpts from the opinion will serve to point this up.
Thus, Judge Medina wrote:
"we find no substantial federal question in the case for the simple reason that there is a reasonable relation between the statutory scheme, including the challenged provisions for additional aid to the cities, and the avowed purpose of assisting all the local governments, including the cities, which 'continue to need special aid to help meet the particular responsibilities assigned to them by statute.’ 1970 Legislative Annual, at 202. [489 F2d 1087,1089, supra] * * *
"We find that the inclusion of Sections 54(2)(a), (d), and (e) is neither arbitrary nor capricious, nor does it appear to us to be unreasonable or in any manner confiscatory.
"In order to determine whether or not a three-judge court should be convened we must study the relevant decisional law. If we find there is some validity to the claim, a three-judge court must decide the constitutional questions involved in the case. City of New York v Richardson, 473 F2d 923 (2d Cir), cert den., sub nom. Lavine v Lindsay, 412 US 950, 93 S Ct 3012, 37 L Ed 2d 1002 (1973). On the other hand, if it appears on examination of the cases that the claim is 'essentially frivolous’, 'wholly unsubstantial’ or 'obviously frivolous’, we have no alternative other than to deny the application for a three-judge court and dismiss the case for lack of jurisdiction. Goosby v. Osser, 409 U.S. 512, 93 S Ct 854, 35 L Ed 2d 36 (1973); California Water Service Co. v City of Redding, 304 US 252, S Ct 865, 82 L Ed 1323 (1938).
"As will appear in the ensuing discussion, there is absolutely nothing of any legal substance in any of the claims of appellants that the Village of Lynbrook or its officials or taxpayers have, by virtue of Sections 54(2)(a), (d) and (e) of the State Finance Law of New York, been denied the equal protection of the laws guaranteed by the Fourteenth Amendment.” (489 F2d 1087,1090, supra.)
Quite plainly the Federal appeals court after considering plaintiffs’ attacks on section 54 of the State Finance Law has held that the plaintiffs’ claim that said section is unconstitutional is "obviously frivolous” and totally lacking in legal substance.
*668 Having thus received an unfavorable determination from the Federal court on their claim that section 54 of the State Finance Law violates the provisions of the United States Constitution, the plaintiffs now seek to have the courts of this State hold to the contrary, namely, that such section is violative of the Federal Constitution. This they may not do. The fundamental principle underlying the doctrine of res judicata is that, in the public interest, a party shall not be heard a second time on an issue which has been settled previously by litigation between the same parties before a court of competent jurisdiction. While it is true that the Federal court dismissed the plaintiffs’ first complaint upon the ground that plaintiffs failed to present a substantial Federal question, it is equally true that the Federal court reached that conclusion only after examining each of plaintiffs’ arguments and finding each of them to be utterly lacking in legal substance.
Accordingly, the doctrine of res judicata bars the plaintiffs from asserting, once again, that section 54 of the State Finance Law violates the United States Constitution.
There remains the question of the additional allegation to the effect that section 54 violates the equal protection of the laws clause of the New York State Constitution.
It is well settled that State courts are not bound by Federal decisions in cases in which a statute is tested against the provisions of the Federal Constitution, notwithstanding that those provisions are essentially, if not completely, identical to State constitutional provisions. At the same time, it is well established that Federal decisions in cases of this kind are of highly persuasive effect as authorities in State courts, and only rarely will a statute held by the Federal courts not to be in conflict with the Federal Constitution fail to survive a State court test against a similar constitutional provision (see 8 NY Jur, Constitutional Law, § 45).
In ruling that there was no substance to plaintiffs’ claim that section 54 deprived them of equal protection of the laws under the Federal Constitution Judge Medina wrote, in part (489 F2d 1087, 1089-1090):
"The cities, even though some are smaller in population than the villages, have more extensive powers and duties than the villages. Compare General City Law, McKinney’s Consol Laws, c 21, Section 20 with Village Law, McKinney’s Consol *669 Laws, c 64, Section 89. The laws of New York are characterized by the distinctions often drawn between the cities and the villages which reflect the greater needs of the cities, regardless of their size. Cities can bear a greater burden of the welfare costs since cities are expected to participate in the funding of county-wide public welfare districts. The villages do not have similar responsibilities. Social Services Law, McKinney’s Consol Laws, c 55, Section 69. Villages are able to contract for police and fire protection, whereas cities cannot do so. See General City Law Section 20, subdivisions 12, 13 and Village Law Section 89, subdivisions 24, 24-a.
"To describe the whole spectrum of duties and responsibilities of the cities, counties, towns and villages of the State of New York, and to catalogue the services now being rendered by each of them to the public, together with the new and expanding services not yet being performed in given cases, but clearly contemplated by the nexus of general and local laws of one kind or another, is a task we are wholly unequipped to undertake. But the members of the Legislature of the State of New York have this intimate knowledge of local conditions and in the exercise of their special expertise in such matters they have evolved the whole complicated and comprehensive statutory plan of revenue sharing, of which Sections 54(2)(a), (d), and (e) are but a very small part. We cannot doubt that such revenue sharing is a legitimate function of the Legislature.
"Such is the propensity of human beings to believe they are being discriminated against that it is fair to say that the ingenuity of man is unequal to the task of devising a scheme of revenue sharing that will please everybody.
"Section 54 must be considered in its entirety. When this is done, we think it is demonstrable that the legislation, and especially the amendments of 1970 that are under attack in this case, bears some rational relationship to a legitimate state purpose.”
This court can find no flaw in Judge Medina’s reasoning and no basis for reaching a conclusion contrary to that of Judge Medina, to wit, that there is no substance to plaintiffs’ claim that section 54 denies them equal protection of the laws.
That being so, the plaintiffs’ complaint must be dismissed as a matter of law.
In view of the foregoing it is not necessary to reach the question of standing.