OPINION OF THE COURT
George L. Cobb, J.
In this declaratory judgment action, plaintiffs move and defendant cross-moves for a summary judgment.
For some years prior to the 1978-1979 school year, the State apportioned to local school districts for pupil transportation 90% of “its approved transportation expense for the base year” (see L 1970, ch 122, § 3) but by section 6 of chapter 71 of the Laws of 1977, two new paragraphs were added to subdivision 7 of section 3602 of the Education Law thereby limiting increases in “gross transportation” expenses and corresponding State apportionments for transportation expenses in each of the school years thereafter to 7% of what the district spent in the preceding school year, *633 excluding transportation for handicapped pupils and such other expenditures as might be excluded from such limit pursuant to regulations which were adopted by the Commissioner of Education with the approval of the director of the budget (see Budget Report on Bill S 4887-A, dated April 6, 1977). Thereafter a regulation was duly promulgated which excluded from the “cap” on such spending and on corresponding State apportionments all purchases of buses “other than by notes and bonds” (see 8 NYCRR 175.9 [a] [1]).
The essential thrust of the complaint is the claim that, since the Liverpool Central School District (hereinafter Liverpool) cannot afford to pay cash for new school buses which it urgently needs, it will be forced to purchase them on credit and that, if it does so, the said “cap” legislation and its implementing regulation will reduce the State’s share of the cost of acquiring these buses from 90% to about 4% of the purchase price. On the other hand, it is said that, if Liverpool was one of those districts in the State which has “sufficient cash surpluses to purchase school buses” for cash, Liverpool would receive the full 90% State aid apportionment, which circumstance, the plaintiffs say, denies to them the equal protection of the laws. In the second cause of action, the plaintiffs charge that the said regulation of the commissioner is invalid because the language of the said “cap” legislation “is capable of being reasonably interpreted to mandate” a regulation which excluded all but the interest and financing costs of purchasing school buses on credit from the operation of the said “cap” legislation. Accordingly, plaintiffs seek a judgment which would declare that the said “cap” legislation (Education Law, § 3602, subd 7, pars d, e) is unconstitutional and that the said implementing regulation (8 NYCRR 175.9) is invalid.
The action is brought by the Board of Education of Liverpool and by two of its officers in their official capacities and also by said individuals as residents and taxpayers of the district. The defendant says that the said board and its officers lack the requisite standing to maintain this action, and while the plaintiffs concede that this is so insofar as this action challenges the constitutionality of a *634 statute of the State, they maintain that both the board and its officers are entitled to litigate questions concerning statutory interpretation. The court agrees with the plaintiffs (Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283, 287) and the defendant’s said standing argument will be rejected.
The defendant also says that none of the plaintiffs may maintain the action because it was premature when it was commenced. However, since with an exception not here pertinent a citizen taxpayer action may be maintained pursuant to article 7-A of the State Finance Law when “an officer or employee of the state * * * in the course of his or her duties *** is about to cause a[n] * * * unconstitutional disbursement of state funds” (State Finance Law, § 123-b, subd 1), the court believes that this complaint sufficiently charges that the defendant is about to perform acts pursuant to section 3607 of the Education Law which will be unconstitutional and this argument of the defendant will also be rejected.
The defendant also says that dismissal should be ordered because the director of the budget, who approved the said implementing regulation, is a necessary party and he has not been joined as a party. However, since the court believes that the said director is not a person who “should be joined” within the meaning of CPLR 1001 (subd [a]), no further action need be taken upon the defendant’s claim of nonjoinder (Matter of Castaways Motel v Schuyler, 24 NY2d 120).
Turning now to the merits of the first cause of action, the essence of the claim is that a State aid formula which rewards those local school districts which pay cash for new school buses and penalizes those districts which finance such purchases denies to Liverpool the equal protection guarantees of the Federal (US Const, 14th Arndt) and State (NY Const, art I, § 11) Constitutions because Liverpool cannot afford to pay cash. However, “[tjhere is no requirement in the law that all school districts, as school districts, be treated alike and the fact that the operation of [a] statute results in some inequities does not make it violative of the equal protection clause” (O’Donnell v Antin, 81 Misc 2d 849, 853, affd 36 NY2d 941, app dsmd for want of *635 substantial Federal question 423 US 919), and there is considerable doubt that a case like this presents any question concerning the Federal constitutional guarantee (San Antonio School Dist. v Rodriguez, 411 US 1; see, also, Becker v Levitt, 489 F2d 1087, cert den 416 US 985, cited in Becker v Levitt, 81 Misc 2d 664). Furthermore, in considering plaintiffs’ constitutional claim, “the appropriate standard is not the so-called strict scrutiny test or anything approaching it, but rather the traditional rational basis test” (Matter of Levy, 38 NY2d 653, 658) and certainly in these days of high interest rates, a program designed to encourage cash rather than credit purchases of school buses is a rational one and this court cannot say that the formula the Legislature and the commissioner have adopted to pursue that objective is an irrational one which cannot achieve it. While the plaintiffs say that the program discriminates against districts like Liverpool which cannot afford to pay cash for new buses, any judicial determination that, because of other demands for its cash, Liverpool cannot “afford” to pay cash for its school buses necessarily involves impermissible judicial intrusion into areas of responsibility reserved for other branches of government (see Jones v Beame, 45 NY2d 402; RAM v Blum, 103 Misc 2d 237, affd 77 AD2d 278). In short, the court finds that the claim of unconstitutionality lacks merit.
As for the second cause of action, since the plaintiffs claim only that pursuant to the subject statute a regulation could have been promulgated which would have done something different than was done, the complaint insufficiently alleges invalid action. Furthermore, the court reads the said statute as permitting the issuance of the regulation which was promulgated. Accordingly, the plaintiffs’ claim that the said regulation is invalid must fail.
The instant motions will be granted to the extent that the court will grant a judgment which declares section 3602 (subd 7, pars d, e) of the Education Law and the regulation issued pursuant thereto (8 NYCRR 175.9) to be constitutional, valid and enforceable.