Hattie L. Van Dyne, Respondent, v. Lilly May Nelson and Others, as Executors, etc., of Adelbert Van Dyne, Deceased, Appellants.

Fourth Department, November 12, 1930.

*George I. Teter* [*W. Smith O'Brien* of counsel], for the appellants.

*George F. Bodine,* for the respondent.

CROSBY, J. This action was brought to compel defendants' testator (who was originally the defendant, but who died during the pendency of the action) to convey to plaintiff the farm on which she resides pursuant to an alleged contract; also to account for and pay to plaintiff the value of a life insurance policy which plaintiff alleges that defendants' testator agreed, and failed, to procure for her benefit.

The main facts in the case are sharply in dispute. The following facts, however, are undisputed: That defendants' testator was a brother of plaintiff; that the plaintiff and an older sister lived with their father on the old homestead which was mortgaged. In 1884 the father deeded the homestead to the older of his two daughters. The grantee and plaintiff continued to live with their father and ran the farm with poor success until the father's death in 1890. About that time the mortgage on the farm was foreclosed. Defendants' testator bought the farm, paid the mortgage, and secured a discharge of the judgment. From 1890 until 1910 plaintiff and her sister continued to live on the farm and operate it under some loose oral arrangement with defendants' testator. Here the disputes commence. Plaintiff claims that during these twenty years she operated the farm pursuant to a verbal promise by defendants' testator to pay her well for doing so and for caring for her older sister. Defendants' testator denied this. The suit is not brought upon this contract, but upon an alleged contract made with defendants' testator in 1910. At that time defendants' testator sold the old homestead for $6,800, and bought the farm over which the present litigation is had, paying $3,250 therefor. Plaintiff claims that at that time defendants' testator made oral acknowledgment to her of his indebtedness to her for the services she had performed in operating the old homestead for him for the twenty years then last past, and that to pay her therefor he agreed to buy the present farm for her and to give it to her and also to insure his life for $5,000 and make her the beneficiary of the policy. She further claims that he breached the contract by taking the deed in his own

name, unbeknown to her, and in failing to insure his life for her benefit. Defendants' testator, of course, denied the making of the alleged contract. Both parties produced some disinterested witnesses to support their respective claims.

The answer, in addition to a general denial, also sets up the defense of the Statute of Frauds and the defense of the Statute of Limitations. We think the learned official referee was right in holding that neither of these two defenses was valid. For, if the facts concerning the contract are as claimed by plaintiff, and, at the time of purchasing the present farm, defendants' testator was indebted to plaintiff, acknowledged that indebtedness and undertook to pay her by purchasing a farm for her, and then deceived her by taking the deed in his own name, and lulled her to rest so that she did not press her legal claim against him until it outlawed, equity will impress a trust upon the farm for her benefit. (*Sinclair* v. *Purdy*, 235 N. Y. 245; *Wood* v. *Rabe*, 96 id. 414; *Goldsmith* v. *Goldsmith*, 145 id. 313.) The last cited case is also authority for the proposition that, to impress a trust *ex maleficio*, it is not essential that the complaint should have charged fraud in exact words. It is sufficient if facts are alleged from which fraud can be spelled out.

Nor is the defense of the Statute of Limitations good, if plaintiff is right on the facts. The cause of action did not accrue until decedent repudiated the agreement he had with plaintiff to hold the farm for her. (*Reitz* v. *Reitz*, 80 N. Y. 538.)

We think this record contains much evidence to support the view that defendants' testator for many years carried plaintiff and her sister along as burdens charitably assumed because of family ties. However, there is sufficient evidence to support the findings and judgment as made in so far as the farm is concerned, and that part of the judgment ought not to be disturbed.

As to the money judgment for $4,080, there is no evidence to support it, and, indeed, it is contrary to the referee's own 13th finding of fact. The plaintiff's own testimony is to the effect that her brother acknowledged his indebtedness to her and agreed to buy her a farm to pay the debt. It was only afterward that he told her about the insurance policy he was going to take out for her benefit. " Q. About the time that Adelbert sold the Seneca Falls farm, was there anything said by Adelbert about a life insurance policy? If there was, tell that. A. He never said anything there. After we got up to the farm, he said to me one day, ' Hat, I will tell you what I have done for you. I have bought you this place and I have got my life insured for five thousand dollars, so that if I drop out, you will have it.' "

It is clear that there was no consideration for any promise defendants' testator may have made in reference to life insurance. It was a pure gratuity, and, in any case, the terms were too vague and indefinite to furnish a foundation for an action for damages. Nothing was said about what kind of a policy it was to be, or when it was, or was to be, taken out. The money judgment is based on the surrender value of a certain kind of policy taken out on a certain date. The evidence furnishes no data for such a judgment. The complaint demands an accounting for the proceeds of an insurance policy that never existed. A trust cannot attach to anything that never existed.

Furthermore, the referee's 13th finding of fact is this, in part: "That the plaintiff accepted the offer so made by the said Adelbert Van Dyne, and agreed to take a farm when a suitable one of adequate value should be found, in full satisfaction of the debt which the said Adelbert Van Dyne then owed to her." This finding is supported by the evidence but is inconsistent with findings 23, 24, 25, 26 and 28, in so far as they relate to the subject of life insurance, and these findings should be disapproved and reversed on the law.

The judgment should be modified on the law by striking out the award of money damages, and as modified affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment modified on the law by striking out the provision for a money judgment, and as modified affirmed, without costs of this appeal to either party. Findings of fact Nos. 23, 24, 25, 26 and 28 disapproved and reversed on the law so far as they relate to the insurance policy.