MAX GURLAND, Appellant, v. JOSEPH GURLAND and HELEN WOLFE, Respondents.— In an action for judgment decreeing that plaintiff has an equitable lien in property to the extent of $13,830, that a transfer to the defendant Wolfe be declared fraudulent, that she be decreed to hold title as trustee for plaintiff to the extent of $13,830 and accrued interest, and for the benefit of the defendant Joseph Gurland for the balance of the equity in the property, and for incidental relief, order dismissing the complaint for insufficiency and judgment entered in accordance therewith reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within ten days from the entry of the order hereon. The effect of the adjudication in the prior action is no more than that the complaint in that action was deficient in omitting allegations of an existing confidential relationship. Such an omission is overcome by the present pleading. The complaint alleges that a conveyance was made by the defendant Joseph Gurland to his brother Nathan Gurland for the benefit of plaintiff to the extent of an existing indebtedness owing by Joseph Gurland to plaintiff, in consideration of the latter's forbearance to sue. A written declaration of trust which, for the purposes of pleading, may be said to be sufficient to comply with the Statute of Frauds, was made by the trustee at a time when he held the legal title. (Restatement of the Law of Trusts, § 42.) The complaint sufficiently alleges that plaintiff was induced to consent to substitution of this trustee by the confidential relationship existent between the successor and defendant Joseph Gurland and himself. At that time plaintiff had an interest in the real property, evidenced by a writing signed by the holder of the legal title. The complaint alleges facts which, in addition, show the existence of the elements of unjust enrichment, fraud, the lulling of plaintiff to forego his remedy by action on the notes until outlawed (See *Van Dyne* v.

*Nelson*, 230 App. Div. 577) and consideration for the trust agreement. The complaint is sufficient to present issues for trial. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.