■ EUGENE BINKOWSKI et al., Appellants, v. GENERAL ELECTRIC COMPANY, Respondent.— REYNOLDS, J.   Appeal from an order of the Supreme Court, Schenectady County, dismissing appellants' complaint pursuant to CPLR 3211 (subd. [a], par. 5).   In April, 1963, appellants served a complaint, which was dismissed for failure to state a cause of action, asserting materially the same claim as herein advanced.   Since the order of 1963 did not specify that the dismissal was on the merits, technically the complaint in the new action cannot be dismissed on the grounds of res judicata (CPLR 5013; 5 Weinstein-Korn-Miller, pars. 5011.11, 5013.02).   Nevertheless, the prior judgment, whether on the merits or not, is a bar to another action where as here " the defects or omissions adjudged to be present in the one action are [not] corrected or supplied by the pleadings in the other " (Linton v. Perry Knitting Co., 295 N. Y. 14, 17; Flynn v. Sinclair Oil Corp., 20 A D 2d 636, affd. 14 N Y 2d 853; Restatement, Judgments, § 50, Comments c, d).   Order affirmed, with costs.   Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.

■ In the Matter of ROBERT CHEROFSKY et al., Appellants, v. THOMAS F. McCOY, as State Administrator and Secretary to the Administrative Board of the Judicial Conference, et al., Respondents.— MEMORANDUM BY THE COURT. Petitioners appeal from the dismissal of an article 78 proceeding to review the assignment of Assistant Deputy Clerks and Assistant Special Deputy Clerks in the Supreme Court, First Department, to out-of-title work in alleged violation of subdivision 2 of section 61 of the Civil Service Law.   We find that issues exist which must first be decided under the grievance procedure established by article V of the Rules of the Administrative Board of the Judicial Conference (see CPLR 7801, subd. 1).   Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of ARTHUR HOLST, Deceased, Respondent, v. THOMAS ABBATE, Doing Business as KROPP'S LUNCHEONETTE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J.   We find involved only issues of fact and credibility which the board could properly resolve as it did and which are not subject to our review since the board's determinations are supported by substantial evidence (Workmen's Compensation Law, § 23).   Decision affirmed, with costs to the Workmen's Compensation Board.   Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.