## (February 21, 1966)

■ CAROLYN ALLSTON, Appellant, v. INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondent.— In an action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Nassau County, entered March 19, 1965, which granted defendant's motion to dismiss the complaint. Order reversed, with $10 costs and disbursements, and motion denied. Defendant moved to dismiss the complaint upon the grounds of *res judicata* and failure to state a cause of action. The Special Term granted the motion on the former ground. It appears that a prior action had been instituted by plaintiff based upon the same facts; that defendant moved in that action "for an order, pursuant to CPLR, §§ 3211 and 3212 dismissing plaintiff's complaint upon the ground that the same does not state a cause of action and upon the further ground that the complaint does not allege the prior written notice required by Village Law § 341a"; and that the court, as stated in its memorandum opinion, granted the motion "to dismiss the complaint" on the ground that "the complaint [was] insufficient for the failure to allege facts sufficient to show the responsibility of the defendant for the accident." The

Special Term on the present motion held that the court on the prior motion "treated [it] as one for summary judgment" and applied the rule that a judgment on such a motion precluded the maintenance of a second action based upon the same transaction where the evidence and issues in both were the same, citing *Eidelberg* v. *Zellermayer* (5 A D 2d 658, affd. 6 N Y 2d 815). In our opinion, however, the dismissal of the prior complaint was for failure to state facts sufficient to constitute a cause of action. The judgment on such a motion, which is a substitute for the old demurrer (*Lipkind* v. *Ward*, 256 App. Div. 74, 75), is not on the merits (*Richard* v. *American Union Bank*, 253 N. Y. 166, 171) and does not bar another action brought for the same cause, where the defects or omissions adjudged to be present in the first action are corrected or supplied by the pleading in the second (*Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112, 115; *Joannes Bros. Co.* v. *Lamborn*, 237 N. Y. 207, 209; cf. *Gurland* v. *Gurland*, 256 App. Div. 924; *James* v. *Robinson*, 279 App. Div. 608). We are also of the opinion that the defects found to be present in the original complaint have been corrected and that the instant complaint is not insufficient as a matter of law. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.