the operation of the order in any respect under the authorities (see *Wetmore v Wetmore,* 149 NY 520; *Weigold v Weigold,* 236 App Div 126; *Fordyce v Fordyce,* 80 Misc 2d 909). This decision is made without prejudice to an application by Mr. Coons at Special Term to invoke the exercise of the court's discretion to defer such payments in the future in whole or in part upon appropriate evidentiary showing. (Appeal from order of Onondaga Supreme Court—satisfy judgment for unpaid alimony.) Present—Marsh, P. J., Moule, Simons, Denman and Witmer, JJ.

■ MARINE MIDLAND BANK-WESTERN, Plaintiff, v MOVABLE HOMES, INC., et al., Respondents, and CITY OF NORTH TONAWANDA, Appellant.— Order insofar as appealed from unanimously reversed, with costs, cross motion granted and cross claim dismissed. Memorandum: In August, 1973, Movable Homes, Inc., served a complaint upon the City of North Tonawanda which this court dismissed for failure to state a cause of action *(Movable Homes v City of North Tonawanda,* 56 AD2d 718). The cross claim asserted in the present action by Movable Homes, Inc., against the city incorporates by reference the earlier dismissed complaint and the claim asserted thereunder. Since our order dismissing the complaint in the earlier action did not specify that such dismissal was on the merits, technically the cross claim here cannot be dismissed on the ground of *res judicata* (CPLR 5013; 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5011.11, 5013.02). Nevertheless, our prior determination, whether or not on the merits, is a bar to the cross claim, inasmuch as the defects or omissions adjudged to be present in the prior action were neither corrected nor supplied by the cross claim in the proceeding here *(Linton v Perry Knitting Co.,* 295 NY 14, 17; *Van Minos v Merkley,* 48 AD2d 281; *Binkowski v General Elec. Co.,* 25 AD2d 577, mot for lv to app den 17 NY2d 423; *Flynn v Sinclair Oil Corp.,* 20 AD2d 636, affd 14 NY2d 853). Accordingly, that part of Special Term's order denying the city's cross motion to dismiss the cross claim should be reversed and the motion granted. (Appeal from order of Niagara Supreme Court—dismiss cross claim.) Present—Marsh, P. J., Moule, Simons, Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN DONZELLA, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment rendered on January 5, 1977 convicting defendant on his plea of guilty to two counts of criminal sale of a controlled substance in the fifth degree and sentencing him to concurrent terms of one year, assigned counsel, after conscientiously examining the record, has sought leave to withdraw. The application is supported by and contained in a brief in compliance with *Anders v California* (386 US 738; *People v Saunders,* 52 AD2d 833). The court has concluded that the record in this case does not reveal any valid appealable issue. (Appeal from judgment of Ontario County Court—criminal sale controlled substance, fifth degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN DONZELLA, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *People v Donzella* (61 AD2d 1139). (Appeal from judgment of Ontario County Court—criminal sale controlled substance, fifth degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO BROWN, Appellant.—Judgment unanimously affirmed. (See Penal Law, § 70.30, subd 1, par [b].) (Appeal from judgment of Erie Supreme Court— murder, second degree and manslaughter, first degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.