■ 175 EAST 74TH CORPORATION, Appellant, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.—Order, Supreme Court, New York County, entered November 14, 1978, granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7) on the grounds of res judicata, is unanimously reversed, on the law, with costs, and the motion to dismiss the complaint is denied. The judgment in the earlier action between the parties entered on default on a motion to dismiss the complaint for failure to state a cause of action, being on the pleadings only and not stated to be on the merits, is not a judgment on the merits (CPLR 5013), and therefore does not bar another action brought for the same cause, at least where the second complaint is materially different from the first. (5 Weinstein-Korn-Miller, NY Civ Prac, pars 5011.11, 5013.02; *Allston v Incorporated Vil. of Rockville Centre,* 25 AD2d 545; *Binkowski v General Elec. Co.,* 25 AD2d 577.) The complaint in the present action contains significant allegations not present in the first action (allegations for the most part referring to later events which could not have been alleged in the first complaint), i.e., that defendant's assured is insolvent; that a judgment has been obtained against defendant's assured by plaintiff; that more than 30 days have passed since service of the judgment, with notice of entry upon the assured and the defendant; that the judgment has not been paid; and that a proof of claim has been filed with the defendant. Accordingly, the judgment in the first action dismissing the complaint for failure to state a cause of action does not bar the present action. The present action is brought under subdivision 1 of section 167 of the Insurance Law which provides as to policies of liability insurance that the insolvency or bankruptcy of the insured person shall not release the insurer from the payment of damages, and that in case judgment is rendered against the insured for injury sustained, or loss or damage occasioned, during the life of the policy, and the judgment remains unsatisfied after 30 days after service of notice of entry upon the attorney for the insured, then the injured party may bring an action against the insurer for the amount of such judgment, not exceeding the amount of the policy. In the present case, the policy issued to the insured was not denominated a liability policy; rather it was a "Comprehensive Dishonesty, Disappearance and Destruction Policy," essentially a fidelity policy insuring against loss from dishonesty of employees of the insured. The insured, a corporation, was the agent of plaintiff co-operative corporation and the complaint alleges that the insured and its officers misappropriated funds of plaintiff collected by the insured as such agent. As an original

proposition, it is not at all obvious that such a policy is a liability policy within the meaning of subdivision 1 of section 167 of the Insurance Law. That section has however been interpreted by the New York Court of Appeals to cover indemnity policies. *(Coleman v New Amsterdam Cas. Co.,* 247 NY 271.) And the United States Court of Appeals for this circuit has held subdivision 1 of section 167 of the Insurance Law to be applicable to a broker's blanket bond insuring the broker against losses from theft or fraud by its employees, or the sale by it of forged securities. *(Matter of Baroff Co.,* 555 F2d 38.) In that case, employees of the broker participated in a fraudulent scheme whereby stolen securities belonging to a Mrs. Corey and bearing her forged indorsement were received and disposed of by the broker. The broker being insolvent and in bankruptcy, the court held under subdivision 1 of section 167 of the Insurance Law that the insurance company was liable under the bond and that Mrs. Corey was entitled to the proceeds of the insurance. That case appears to us to be indistinguishable from the present case, and we are not disposed to disagree with it. We note that in the present case it is conceded that if the agent-insured paid the amount of the judgment to plaintiff, the agent-insured would have a right to recover under the policy. Concur—Murphy, P. J., Birns, Sandler and Silverman, JJ.