■ RUSSELL FURIA et al., Respondents, v ARNOLD FURIA, Appellant.—In an action to recover damages for breach of contract, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Fierro, J.), dated July 2, 1984, as denied his motion pursuant to CPLR 3211 (a) (5), (7) to dismiss the complaint.

Order affirmed, insofar as appealed from, with costs.

The instant complaint is the seventh asserted against the defendant Arnold Furia based upon an alleged 1976 agreement between defendant and plaintiffs Russell Furia and Peter George. In the instant complaint plaintiffs allege that under the terms of the agreement, they provided certain services and materials during the period from July 1976 through December 1980 to develop and manufacture a certain bicycle device, and that despite repeated demands that defendant perform under the terms of the agreement, he breached it in December 1980, resulting in damages to each of the plaintiffs in the sum of $6,000.

In September 1981, separate actions were commenced against defendant by each of the plaintiffs in the District Court, Suffolk County. Upon defendant's motions the District Court, on November 20, 1981, by separate orders, dismissed

each of the complaints on the ground of insufficiency of the pleadings under CPLR 3013.

In June 1982, the plaintiffs again commenced separate actions against defendant in the District Court, Suffolk County, which apparently were abandoned. However, in September 1982, the plaintiffs both served copies of these same separate complaints against defendant, who then moved for a dismissal of the complaints on the grounds of res judicata, citing the November 20, 1981 orders of the same court, and failure to state a cause of action under CPLR 3211 (a) (7). Both actions were consolidated, and by District Court order dated December 1, 1982, the defendant's motions to dismiss the complaints were denied as moot and the actions were dismissed for failure to plead the required jurisdictional basis over a nonresident defendant under UDCA 404.

In or about September 1983, the plaintiffs joined in commencing the instant action against the defendant in the Supreme Court, Suffolk County. Defendant moved for a dismissal of the complaint on the grounds of res judicata and failure to state a cause of action.

Special term properly denied defendant's motion to dismiss. "[W]hen a complaint is dismissed for legal insufficiency or other defect in [the] pleading, it does not act as a bar to [the] commencement of a new action for the same relief unless the dismissal was expressly made on the merits or the new complaint fails to correct the defects or omissions fatal to the prior one (*Van Minos v Merkley,* 48 AD2d 281, 284; *Binkowski v General Elec. Co.,* 25 AD2d 577, mot for lv to app den 17 NY2d 423; *Allston v Incorporated Vil.,* 25 AD2d 545, 546)" (*Deacon's Bench v Hoffman,* 101 AD2d 971, 972).

The prior District Court judgments dismissing the previous complaints were not expressly made on the merits and, therefore, do not act as a bar to the instant action. Moreover, a review of the present complaint reveals that plaintiffs corrected the relevant defects in the prior pleadings, and the complaint states a valid cause of action against defendant based upon breach of a contract. The pleading clearly specifies the terms of the agreement, the consideration, the performance by plaintiffs and the basis of the alleged breach of the agreement by defendant. In the procedural posture in which this case comes before this court, we accept, as we must, each and every allegation of the plaintiffs' complaint (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509) and find that it is legally sufficient. Lazer, J. P., Gibbons, Rubin and Kunzeman, JJ., concur.