■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO GENAO, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.), rendered March 25, 1991, convicting defendant, after jury trial, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of imprisonment of six months, unanimously affirmed.

Defendant's conviction arises out of his arrest following a police officer's observation of defendant attempting to throw a loaded and operable handgun out the window of his apartment premises.

The trial court properly admitted brief police testimony that the arresting officers arrived at the scene to investigate a report of an assault in progress in the building's backyard, to complete a coherent narrative of the incident and avoid speculation as to the subsequent actions of the police leading to defendant's arrest *(see, e.g., People v Conyers,* 160 AD2d 318, 319, *lv denied* 76 NY2d 786). As the evidence of the radio call did not involve defendant's activities, the trial court properly exercised its discretion in denying a limiting instruction thereon applying hearsay principles, to avoid undue speculation regarding a matter not before the jury *(see, People v Jackson,* 65 NY2d 265, 271).

Defendant's claims of prosecutorial misconduct in summation were essentially unpreserved for appellate review as a matter of law by appropriate objection (CPL 470.05). In any event, the prosecutor's summation comments actually paralleled defense counsel's remarks in summation that strongly

attacked the credibility of the People's witnesses and suggested police and prosecutorial misconduct. As such, the prosecutor's summation comments fell within the parameters of appropriate response *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Additionally, defendant failed to enter any objection to the prosecutor's summation comment suggesting that defendant tailored his testimony to conform to that of other witnesses, and thus failed to preserve a claim of error for appellate review as a matter of law (CPL 470.05). In any event, in view of the overwhelming evidence of defendant's guilt, and the overall "credibility contest" set up by the defense summation, it is unlikely that defendant was prejudiced in any way by this comment *(see, People v Crimmins,* 36 NY2d 230). Concur—Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.