■ RODIN PROPERTIES-SHORE MALL N. V., Appellant, v LEO ULLMAN et al., Defendants, and CUSHMAN & WAKEFIELD OF PENNSYLVANIA, INC., et al., Respondents. [694 NYS2d 374] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 8, 1999, granting defendants Cushman & Wakefield of Pennsylvania, Inc. and Cushman & Wakefield, Inc.'s motion for summary judgment dismissing the second, third, fourth and fifth causes of action in the amended complaint, unanimously reversed, on the law, with costs and disbursements, the motion denied, and said causes of action reinstated.

Plaintiff, a consortium of investors, loaned Shore Mall Associates, L.P. (SMA) $49,125,000 to refinance a New Jersey shopping center known as Shore Mall. The loan was expressly conditioned on the borrowers obtaining an appraisal showing Shore Mall as having a value of at least $60,000,000. SMA selected Cushman & Wakefield, for a fee of $18,000, to appraise the property. The letter agreement between SMA and Cushman & Wakefield contains an express acknowledgment that the appraisal report was intended to assist SMA in obtaining financing and that the report could be submitted to prospective lenders, including several affiliated with plaintiff.

Cushman & Wakefield appraised Shore Mall at $65,500,000,

---

which, according to plaintiff, is grossly inflated. Plaintiff alleges that the appraisal also contained material misrepresentations, the foremost of which was the representation that the mall was "the principal, fully integrated shopping complex in its primary trade area" and that the only other major regional mall serving the area, Hamilton Mall, was 20 miles away. In point of fact, Hamilton Mall was the dominant retail center in the region and was only 5.6 miles away. In addition, the report failed to mention that Shore Mall had competition just across the street from Hamilton Mall. Furthermore, Cushman & Wakefield's projection of South Mall's cash flow was substantially exaggerated. In its amended complaint, plaintiff asserted causes of action against Cushman & Wakefield for fraud (second), negligence (third), negligent misrepresentation (fourth), gross negligence (fifth), breach of third-party beneficiary contract (sixth) and onrechtmatige daad (thirteenth), a Dutch tort.* The IAS Court, finding that the same facts were asserted for both the contract and tort claims, granted Cushman & Wakefield's motion for summary judgment dismissing the tort claims on the ground that they were duplicative of the contract claims. We reverse.

As a professional appraiser, Cushman & Wakefield owed a duty to plaintiff independent of any contractual obligation. "Professionals, common carriers and bailees, for example, may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties * * *. In these instances, it is policy, not the parties' contract, that gives rise to a duty of due care." (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551-552 [citations omitted].) In such circumstances, contrary to the IAS Court's holding, the fact that the same facts serve as the basis of both the tort and contract claims is of no moment. "[L]iability in tort may arise from and be inextricably intertwined with that conduct which also constitutes a breach of contractual obligations." (*Apple Records v Capitol Records*, 137 AD2d 50, 55.) Here, the record shows that Cushman & Wakefield knew that plaintiff would be relying on its appraisal. Thus, it had a duty to plaintiff, independent of its contract with SMA. Although the legal duty for tort liability must spring from facts extraneous to and not constituting elements of the contract, it "may be connected with and dependent upon the contract." (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389.) When a professional, such as Cushman & Wakefield, has a specific awareness that a third party will rely on his or her advice or opinion, the furnishing of which is for that very purpose, and there is reliance thereon, tort liability will ensue if the professional report or opinion is negligently or fraudu-

---

* No issue is raised on appeal as to the thirteenth cause of action.

lently prepared. (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384.) Thus, notwithstanding the assertion of breach of a third-party beneficiary contract claim, the tort allegations of fraud, gross negligence, negligence and negligent misrepresentation are properly pleaded. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.