■ ELAINE FLANDERA et al., Respondents-Appellants, v AFA AMERICA, INC., et al., Defendants, and STEVEN ESSIG et al., Appellants-Respondents. [913 NYS2d 441]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 9, 2009. The order denied in part the motion of defendants Steven Essig and Essig Appraisal Associates to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the first cause of action in its entirety with respect to plaintiff Chastity Kinahan and dismissing that cause of action in its entirety with respect to her and by denying that part of the motion seeking dismissal of the third cause of action and reinstating that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages allegedly resulting from, inter alia, fraud, civil conspiracy, and deceptive business practices with respect to plaintiffs' purchases of properties as first-time home buyers with poor credit. Supreme Court previously granted the motion of Steven

Essig and Essig Appraisal Associates (hereafter, defendants) to dismiss plaintiffs' complaint in a prior action. After plaintiffs commenced the instant action, defendants moved to dismiss the complaint on various grounds, and the court granted the motion in part. This appeal by defendants and cross appeal by plaintiffs ensued.

With respect to defendants' appeal, we conclude that the court properly denied the motion insofar as it sought to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (5), based on the doctrine of res judicata. The complaint filed in this action corrected some of the deficiencies in the complaint in the prior action that warranted the court's dismissal thereof, i.e., the failure to allege facts with the requisite specificity (*see 175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590 n 1 [1980]; *Allston v Incorporated Vil. of Rockville Centre*, 25 AD2d 545 [1966]; *cf. Marine Midland Bank-Western v Movable Homes*, 61 AD2d 1139 [1978]).

Also contrary to the contention of defendants on their appeal, the court properly denied that part of their motion seeking dismissal of the first cause of action with respect to plaintiff Elaine Flandera for failure to state a cause of action insofar as it alleges fraud. "In determining whether a complaint fails to state a cause of action, a court is required to 'accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Daley v County of Erie*, 59 AD3d 1087, 1087 [2009], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see generally* CPLR 3211 [a] [7]). Although appraisals or other assessments of market value "are akin to statements of opinion[,] which generally are not actionable" (*Stuart v Tomasino*, 148 AD2d 370, 372 [1989]), an assessment of market value that is based upon misrepresentations concerning existing facts may support a cause of action for fraud (*see Rodin Props.-Shore Mall v Ullman*, 264 AD2d 367, 368-369 [1999]; *see also Cristallina v Christie, Manson & Woods Intl.*, 117 AD2d 284, 294-295 [1986]).

Here, plaintiffs alleged with the requisite specificity that defendants' appraisal of the property purchased by Flandera contained "several misrepresentations concerning the condition and qualities of the home, including, but not limited to: who owned the property, whether the property had municipal water, the type of basement and the status of repairs on the home" (*see generally* CPLR 3016 [b]). We thus conclude that plaintiffs stated a claim for fraud with respect to Flandera, inasmuch as they sufficiently pleaded the elements of a material misrepre-

sentation of fact, scienter, justifiable reliance, and damages to support such a claim (*see Simmons v Washing Equip. Tech.*, 51 AD3d 1390, 1391-1392 [2008]).

We agree with defendants, however, that the complaint fails to state a cause of action for fraud against them with respect to plaintiff Chastity Kinahan, and we therefore modify the order accordingly. The complaint fails to allege any material misrepresentations of fact upon which defendants' allegedly overvalued appraisal was based and is thus insufficient to state a cause of action by Kinahan for fraud (*see id.*). We have reviewed defendants' remaining contentions and conclude that they are without merit.

With respect to plaintiffs' cross appeal, we agree with plaintiffs that the court erred in granting that part of defendants' motion seeking dismissal of the third cause of action, alleging the violation of General Business Law § 349. We therefore further modify the order accordingly. Plaintiffs alleged sufficient facts establishing that defendants engaged in consumer-oriented conduct directed against the general public that was deceptive or misleading in a material way and that plaintiffs were injured thereby (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24-26 [1995]; *Latiuk v Faber Constr. Co.*, 269 AD2d 820 [2000]). We thus conclude that, "[a]t this early prediscovery phase, [plaintiffs'] allegations sufficiently plead [the] violation[ ] of General Business Law § 349" (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.