■ ANGIL JONES et al., Respondents, v BANK OF AMERICA NATIONAL ASSOCIATION et al., Defendants, and NH APPRAISAL ASSOCIATES, INC., et al., Appellants. [949 NYS2d 76]—

The plaintiffs commenced this action against, among others, the defendant NH Appraisal Associates, Inc., and its principal, the defendant Naftali Horowitz (hereinafter together the appellants). The plaintiffs alleged, inter alia, that as part of a predatory lending scheme, Horowitz, in preparing an appraisal report with respect to certain real property, overvalued that property in order to enable the plaintiffs to obtain a grossly unaffordable mortgage loan to purchase that property.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Applying these principles to the allegations in the second amended complaint, the plaintiffs failed to allege a cognizable cause of action against the appellants to recover damages for violations of General Business Law § 349. General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful" (General Business Law § 349 [a]). A private right of action to recover damages for violations of General Business Law § 349 has been provided to "any person who has been injured by reason of any violation of" the statute (General Business Law § 349 [h]). Under General Business Law § 349 (h), a prima facie case requires a showing that the defendant engaged in a consumer-oriented act or practice that was " 'deceptive or misleading in a material way and that [the] plaintiff has been injured by reason thereof' " (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). However, the plaintiffs failed to allege that the appellants' alleged acts and practices misled them in a material way (*cf. Ladino v Bank of Am.*, 52 AD3d 571, 574 [2008]).

The plaintiffs also failed to allege a cognizable cause of action against Horowitz to recover damages for fraud. To establish a prima facie case of fraud, a plaintiff must present proof, inter alia, that the plaintiff relied upon the defendant's misrepresentation (*see Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037, 1039 [2009]; *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). However, the plaintiffs failed to allege that they relied upon any alleged misrepresentation by Horowitz (*cf. Stuart v Tomasino*, 148 AD2d 370, 372 [1989]).

The plaintiffs failed to allege a cognizable cause of action

against Horowitz to recover damages for negligence in the performance of a real estate appraisal. The plaintiffs failed to allege facts that would support a determination that Horowitz owed them a duty to exercise care in performing the appraisal (*cf. Rodin Props.-Shore Mall v Ullman*, 264 AD2d 367, 368-369 [1999]).

The appellants' remaining contentions are without merit. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.