OPINION OF THE COURT
David I. Schmidt, J.
Defendants Ronald J. Saar, individually, and R.J. Saar Associates, Inc. (collectively, Saar) move for an order, pursuant to CPLR 3212, granting summary judgment dismissing the complaint. Plaintiff Polish & Slavic Federal Credit Union cross-moves for an order consolidating this action with an action entitled Polish & Slavic Federal Credit Union v Beata Galdi (Kings County, index No. 23591/11) (the Galdi action).
Plaintiff, a federally chartered credit union, brings this action against Saar alleging that it conducted faulty appraisals on two properties in conjunction with a mortgage loan made by plaintiff to one of its members, Beata Galdi. The first loan, in the amount of $2,000,000, was secured by the property located at 134 North Main Street in East Hampton, New York (East Hampton property). The second loan, in the amount of $2,300,000, was secured by the property located at 24 Cliff Road in Amagansett, New York (Amagansett property). The loans were approved by plaintiff based on appraisals by Saar which determined the estimated market value (EMV) of the East Hampton property at $3,500,000 and the EMV of the Amagansett property at $3,000,000 as of May 21, 2007.
According to the complaint, in determining the EMVs of the two properties Saar deviated from the Uniform Standards of Professional Appraisal Practices (USPA), such as using properties situated in a different neighborhood for comparable sales and applying excessive adjustments to those comparable sales, resulting in EMVs substantially higher than the properties’ actual values. Plaintiff alleges that the actual value of the East Hampton property as of May 21, 2007 did not exceed $1,425,000 while the actual value of the Amagansett property as of May 21, 2007 did not exceed $1,955,000. Plaintiff maintains that it relied on the allegedly inflated appraisals in advancing the loans to *853 Galdi, which loans would not have been approved had they exceeded 70% of the EMVs of the respective properties. Galdi has since defaulted in payment on the loans, and the two properties are now the subject of foreclosure actions in Suffolk County Supreme Court.
Plaintiff asserts causes of action against Saar for negligence, negligent misrepresentation, fraudulent misrepresentation, constructive fraud, violation of General Business Law § 349 and breach of contract. In each of the causes of action, plaintiff alleges that the malfeasance of Saar in producing the appraisal “caused plaintiff to approve the Galdi Loans and sustain monetary injury well in excess of $100,000.”
In its motion for summary judgment, Saar contends that the action must be dismissed as premature since plaintiff has not yet sustained any pecuniary loss, that the causes of action for fraudulent misrepresentation, constructive fraud and negligent misrepresentation must be dismissed since appraisals are matters of opinion and not fact, that plaintiffs cause of action under General Business Law § 349 must be dismissed as Saar’s conduct was not consumer oriented and that the causes of action for breach of contract must be dismissed as duplicative of the negligence cause of action.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Failure to make such prima facie showing requires a denial of the motion regardless of the sufficiency of the opposing papers (id.). The proof submitted to the court should be scrutinized carefully in the light most favorable to the party opposing the motion (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]).
Saar’s summary judgment motion does not address the truth or falsity of plaintiffs allegations, but rather is directed toward the facial sufficiency of plaintiffs causes of action.
With respect to its contention that the instant action is premature, Saar argues that plaintiff cannot assert a claim of actual loss based on the inflated appraisals until the subject properties are sold in the foreclosure actions for an amount less than their appraised value. In support of this argument, however, Saar improperly relies on cases where the claims were brought pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO). In those cases, the courts held that a *854 cause of action does not accrue under RICO until “the amount of damages becomes clear and definite.” Insofar as there could be no “clear and definite” amount of damages until the allegedly undersecured properties were sold in foreclosure, the plaintiff could not establish the requisite injury under the statute. In this matter, however, plaintiff need only allege that it suffered some actual loss as a result of the inflated appraisals. In a breach of contract action, “damages ‘are properly ascertained as of the date of the breach,’ and ‘the injured party has a duty to mitigate’ ” (see White v Farrell, 20 NY3d 487, 499 [2013], quoting Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 262-263 [1998]). Plaintiff alleges that it has been damaged by having been induced to make the multimillion dollar loans by fraudulently or negligently inflated appraisals, and that it would not have made the loans (which are now in default) if it was provided with the true market values of the subject properties (see Rodin Props. — Shore Mall v Ullman, 253 AD2d 403, 404 [1998]). While the amount recovered by plaintiff at the foreclosure sales of the properties may have a bearing on the ultimate measure of damages, since plaintiff is presently asserting actual loss as the result of its reliance on the allegedly inflated appraisals, the instant action is not premature.
Saar next argues that the causes of action sounding in fraudulent misrepresentation, constructive fraud and negligent misrepresentation are without merit since an appraisal is a non-actionable opinion, rather than a statement of fact. While appraisals, generally, are statements of opinion which may not form the basis of a fraudulent or negligent misrepresentation action (see Mandarin Trading Ltd. v Wildenstein, 65 AD3d 448, 450 [2009], affd 16 NY3d 173 [2011]; Stuart v Tomasino, 148 AD2d 370, 372 [1989]), “an assessment of market value that is based upon misrepresentations concerning existing facts may support a cause of action for fraud” (Flandera v AFA Am., Inc., 78 AD3d 1639, 1640 [2010]; see Rodin Props.-Shore Mall v Ullman, 264 AD2d 367, 368-369 [1999]; see also Cristallina v Christie, Manson & Woods Intl., 117 AD2d 284, 294-295 [1986]).
Plaintiff maintains that the appraisal is based on specific misrepresentations of fact, including statements that the adjustments to the comparable sales figures are within proper USPA standards and Federal National Mortgage Association guidelines. Specifically, plaintiff states that Saar misrepresented that the comparable sales grid comprised of properties located in the same neighborhood as the East Hampton property (East *855 Hampton North) when in fact it included properties located in the Village of East Hampton, where home values are significantly higher. Plaintiff also alleges misrepresentations that properties in the comparable sales grids were similar to the subject properties as to street frontage and lot shape, and that total floor areas were based on those of the main residence on a property, rather than all structures on a property. Thus, to the extent that the EMVs of the subject properties were extrapolated from misrepresentations of factual data, the appraisal itself may be considered a factual representation rather than a mere matter of opinion.
As a result, that part of Saar’s motion for summary judgment dismissing the fraudulent misrepresentation, constructive fraud and negligent misrepresentation causes of action is denied.
General Business Law § 349 declares as unlawful “[deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state” (General Business Law § 349 [a]). Section 349 is directed at wrongs against the consuming public (see Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24 [1995]). “To assert a viable claim under General Business Law § 349 (a), a plaintiff must plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was materially misleading, and (3) damages” (Lum v New Century Mtge. Corp., 19 AD3d 558, 559 [2005], lv denied 6 NY3d 706 [2006]). For conduct to be consumer-oriented it must be demonstrated that it had “a broader impact on consumers at large” (see Oswego Laborers’ Local 214 Pension Fund, 85 NY2d at 25; Sheth v New York Life Ins. Co., 273 AD2d 72, 73 [2000]). Under New York law, “the term ‘consumer’ is consistently associated with an individual or natural person who purchases goods, services or property primarily for ‘personal, family or household purposes’ ” (Cruz v NYNEX Info. Resources, 263 AD2d 285, 289 [2000], citing General Business Law §§ 399-c, 399-p [1] [c]; General Obligations Law § 5-327 [1] [a]; CPLR 105 [f]; UCC 9-109 [1]). Thus, private contract disputes that are unique, private in nature, or involve a so-called “single-shot” transaction do not fall with the statute’s ambit (Oswego Laborers’ Local 214 Pension Fund, 85 NY2d at 26). While certain services performed in conjunction with the sale and mortgaging of residential property may fit within the ambits of the statute, the alleged deceptive acts in the transaction here are more akin to a private contract dispute. Significantly, the alleged deceptive acts were *856 not directed toward a “consumer” such as a home buyer, but rather toward a financial institution receiving services in furtherance of a business purpose. As a result, the court does not find General Business Law § 349 applicable under the circumstances.
Accordingly, that part of Saar’s motion to dismiss the fifth cause of action under General Business Law § 349 is granted.
Saar claims that plaintiffs two causes of action for breach of contract (asserted against R.J. Saar Associates, Inc. and Ronald J. Saar, individually) are duplicative of the negligence cause of action and must be dismissed accordingly. However, “[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated” (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; see Sergeants Benevolent Assn. Annuity Fund v Renck, 19 AD3d 107, 111 [2005]). In its negligence cause of action, plaintiff fails to allege that Saar owed a legal duty to it outside of the contract. Thus, it is actually the negligence cause of action which should be subject to dismissal as duplicative of plaintiffs breach of contract claims. Insofar as Saar does not explicitly request dismissal of the negligence claim on this basis, that part of Saar’s motion for summary judgment to dismiss the breach of contract causes of action is denied.
Plaintiff cross-moves to consolidate this matter with the Galdi action. “The power to order consolidation rests in the sound discretion of the court and should be granted in the interest of judicial economy where common issues of law or fact exist” (Lingfei Sun v City of New York, 99 AD3d 673, 674 [2012]). The two actions sought to be consolidated, while based on the same loan transaction and which both include general allegations of fraud, are otherwise not factually related. The Galdi action involves allegations that the borrower misrepresented her financial status or ability to repay the loan in loan applications, while the instant action involves negligence and/or fraud on the part of the appraiser in determining the subject properties’ market values. There is no assertion by plaintiff that Galdi acted in collusion with Saar to fraudulently obtain the loans or had any relationship or connection with each other beyond Galdi’s payment of Saar’s fees for the appraisals. Under the circumstances, the court finds that consolidation of the actions is not appropriate.
Accordingly, Saar’s motion for summary judgment is granted only to the extent that the fifth cause of action under General *857 Business Law § 349 is dismissed. The remaining parts of the motion are denied. Plaintiffs cross motion for consolidation is denied.