■ GSP FINANCE LLC, Appellant, v KPMG LLP, Respondent. [43 NYS3d 759]——

Judgment, Supreme Court, New York County (Saliann Scarpulla, J., and a jury), entered November 13, 2015, in defendant's favor, unanimously affirmed, with costs.

The court (Barbara R. Kapnick, J.) correctly granted defendant's motion to dismiss the negligent misrepresentation claim, because, even if plaintiff was a "known party" to defendant (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]), the complaint contained no allegation of conduct on defendant's part linking it to plaintiff (*see id.*; *see also Securities Inv. Protection Corp. v BDO Seidman*, 95 NY2d 702, 711-712 [2001]).

The court (Saliann Scarpulla, J.) providently exercised its discretion in denying plaintiff's motion for leave to file an

amended complaint, since the amended negligent misrepresentation claim still failed to allege linking conduct. To the extent *Health Acquisition Corp. v Program Risk Mgt., Inc.* (105 AD3d 1001 [2d Dept 2013]) found that the defendants' knowledge of the plaintiffs' needs constituted linking conduct, it is contrary to this Court's decision in *LaSalle Natl. Bank v Ernst & Young* (285 AD2d 101, 107 [1st Dept 2001]). We note that *Health Acquisition Corp.* relied on *White v Guarente* (43 NY2d 356 [1977]) (*see* 105 AD3d at 1004), which was "supersed[ed]" by *Credit Alliance* (*Parrott v Coopers & Lybrand*, 263 AD2d 316, 324 [1st Dept 2000], *affd* 95 NY2d 479 [2000]). The fact that defendant's Debt Compliance Letters, which were addressed to Hicks Sports Group LLC, were intended for the use of plaintiff (among others) does not constitute linking conduct (*see e.g. CRT Invs., Ltd. v BDO Seidman, LLP*, 85 AD3d 470, 472 [1st Dept 2011]). *Rodin Props.-Shore Mall v Ullman* (264 AD2d 367 [1st Dept 1999]), which plaintiff cites in reply, dealt with whether tort claims were duplicative of contract claims (*see id.* at 368). It did not specifically discuss the *Credit Alliance* test, let alone linking conduct.

The trial court's exclusion of defendant's audit manual from evidence does not warrant reversal and a new trial. Although the manual was relevant (*see Sabratek Liquidating LLC v KPMG LLP*, 2003 WL 22715820, *6, 2003 US Dist LEXIS 20687, *16-17 [ND Ill, Nov. 18, 2003, No. 01 C 9582]), the court had the discretion to exclude it if its probative value was outweighed by the prospect of juror confusion (*see People v Primo*, 96 NY2d 351, 355 [2001]). The court could have admitted the manual with a limiting instruction (*see Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]), but it was not obliged to do so (*see generally People v Genao*, 184 AD2d 285 [1st Dept 1992], *lv denied* 80 NY2d 903 [1992]). In light of the facts that the "going concern" issue to which the manual related was only part of plaintiff's fraud claim and that plaintiff was able to introduce testimony about defendant's audit program, which also dealt with the going concern issue, there was not such prejudice as to call for reversal (*see Hyde*, 51 NY2d at 929). Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.