Lord v Marilyn Model Mgt., Inc. (2019 NY Slip Op 05093)





Lord v Marilyn Model Mgt., Inc.


2019 NY Slip Op 05093


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


653878/16 9730 9729

[*1]Michael Lord, Plaintiff-Appellant,
v
Marilyn Model Management, Inc., Defendant-Respondent.


Wrobel Markham LLP, New York (Daniel F. Markham of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Kenneth W. Taber of counsel), for respondent.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered July 13, 2018, dismissing the complaint with prejudice, and bringing up for review an order, same court and Justice, entered July 5, 2018, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the motion denied as to the claims for breach of contract, promissory estoppel and Labor Law Article 6. Appeal from order, same court and Justice, entered July 5, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
As alleged in the complaint, plaintiff was an experienced modeling scout and was induced to leave his job and join defendant by an offer of employment at a salary of $190,000, plus discretionary bonuses and profit sharing. The parties negotiated an employment agreement that contained, among its other terms, a provision for six months' severance if plaintiff were terminated without cause. The agreement, dated as of September 15, 2015, recited that it could be signed in counterparts. Plaintiff signed it on August 18, 2015, and emailed the signed copy to two of defendant's board members. One board member promptly replied, by email, "Welcome aboard. We'll countersign over the next few days."
Although defendant never signed the agreement, plaintiff nonetheless began working for defendant on September 1, 2015, and both sides proceeded to perform their obligations under the agreement. Defendant paid plaintiff the stated salary (albeit through a U.K. subsidiary, on account of plaintiff's lack of a French visa), and plaintiff performed as required under the agreement, including relocating from New York to Paris. Plaintiff performed diligently until March 1, 2016, when defendant terminated his employment without cause. Defendant refused to pay the six months' severance provided for in the agreement.
These allegations sufficiently state a cause of action for breach of contract (see Furia v Furia, 116 AD2d 694, 695 [2d Dept 1986]). They set forth the parties' intent to enter into a contract and the contract's terms (see Kolchins v Evolution Mkts., Inc., 128 AD3d 47, 59 [1st Dept 2015], affd 31 NY3d 100 [2018]; see also Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399-400 [1977]; accord Kolchins, 31 NY3d at 106).
The fact that defendant never signed the agreement is not, at this pleading stage, an impediment to a finding that the parties intended to be bound (see Kolchins, 31 NY3d at 107-108; Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]; Kowalchuk v Stroup, 61 AD3d 118, 125 [1st Dept 2009]). There is nothing in the agreement stating that it will not be binding until executed by both sides (see Kowalchuk, 61 AD3d at 125). The counterparts clause provides that each party may indicate its assent by signing a separate counterpart; it does not state that the parties can assent only by signing. The merger and written amendments clauses provide only that the agreement, and any subsequent amendments, must be in writing; they do not state that the parties may convey their assent only by affixing signatures.
The complaint also sufficiently alleges causes of action for promissory estoppel (see Pearce v Manhattan Ensemble Theater, Inc., 528 F Supp 2d 175, 181 [SD NY 2007]) and recovery of severance as unpaid wages under Labor Law article 6 (see Wachter v Kim, 82 AD3d 658, 663 [1st Dept 2011]). However, plaintiff fails to sufficiently allege a claim for unjust enrichment as he does not allege he was not paid for the work he actually performed (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK