Ward v Klein (2022 NY Slip Op 02154)





Ward v Klein


2022 NY Slip Op 02154


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2020-05038
 (Index No. 708837/19)

[*1]Elaine Ward, appellant,
v
Stuart A. Klein, etc., et al., respondents.


Elaine Ward, Flushing, NY, appellant pro se.
Klein Slowik PLLC, New York, NY (Peter E. Sayer of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 21, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff hired the defendants to represent her in connection with certain disciplinary charges brought against her by the New York City Department of Buildings. After the defendants' representation of the plaintiff terminated, the plaintiff commenced an action against them, inter alia, to recover damages for breach of contract, legal malpractice, breach of fiduciary duty, and fraud (hereinafter the prior action). The Supreme Court issued an order in the prior action granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint (see Ward v Klein, ___ AD3d ___ [Appellate Division Docket No. 2019-04894; decided herewith]). Among other things, the court concluded that the complaint in the prior action failed to state any legally cognizable cause of action (see id.).
The plaintiff then commenced this action by filing a complaint identical to the complaint in the prior action. The plaintiff subsequently filed an amended complaint to reflect a name change of one of the parties. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint. The Supreme Court granted that branch of the motion on the ground that this action was barred by the doctrine of res judicata. The plaintiff appeals.
"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628 [internal quotation marks omitted]). A dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action "has preclusive effect only as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint" (175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1; see Furia v Furia, 116 AD2d 694, 695).
Here, the dismissal of the complaint in the prior action had preclusive effect in this action, since the plaintiff filed an amended complaint which, apart from the name change, was identical to the deficient complaint filed in the prior action (cf. Rapp v Lauer, 200 AD2d 726, 728; Furia v Furia, 116 AD2d at 695).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court