■ DAVID STREETER, Appellant, v EASTMAN KODAK COMPANY et al., Respondents. [674 NYS2d 198] —Order and judgment unanimously reversed on the law with costs and new trial granted in accordance with the following Memorandum: Eastman Kodak Company (defendant) maintains a Suggestion Plan that rewards employees for suggestions they make that result in a net savings to the company. The Plan authorizes awards amounting to 15% of the net savings over a two-year period but no more than $50,000. Plaintiff submitted a formal suggestion regarding a process to clean hoppers used in coating film in an effort to reduce lines and streaks on the film. That suggestion, together with two other ideas pertaining to particle counting and turbidity that initially were suggested orally, were implemented by defendant in October 1987. Defendants determined that the proponents of the three ideas should share equally in the award. Plaintiff commenced this action for breach of contract, contending that, as the only employee who submitted a formal suggestion in a timely manner, he is entitled to the maximum award of $50,000.

After a nonjury trial, Supreme Court determined that defendants properly awarded plaintiff only one third of $50,000. That was error. The Plan requires oral suggestions to be reduced to a formal written suggestion within three months, and the Plan supervisor admitted that the Plan does not allow for a waiver of that requirement. The oral suggestions concerning particle counting and turbidity were implemented in 1987 but were not reduced to formal written suggestions until November 1988. Thus, the particle counting and turbidity sug-

gestions were untimely and were not eligible for an award, and the determination that defendants properly allocated the award among the proponents of all three suggestions is contrary to the weight of the evidence (see, *Nicastro v Park*, 113 AD2d 129, 134-135). Thus, we grant a new trial on the issue of the net savings derived by defendant from plaintiff's suggestion and for an award of damages, if any, for defendant's breach of contract. (Appeal from Order and Judgment of Supreme Court, Monroe County, Fisher, J.—Contract.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.