PATRICK L. DALEY, Respondent, v COUNTY OF ERIE, Appellant. [873 NYS2d 815]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered December 19, 2007 in an action for, inter alia, breach of contract. The order denied the motion of defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an employee of defendant, commenced this action seeking damages for, inter alia, breach of contract based on the alleged violation by defendant of its Employee Suggestion Program (Program). The Program provided monetary awards to employees who submitted cost-saving suggestions that were implemented by defendant. Contrary to the contention of defendant, Supreme Court properly denied its motion seeking to dismiss the complaint for, inter alia, failure to state a cause of action (*see* CPLR 3211 [a] [7]). In determining whether a complaint fails to state a cause of action, a court is required to "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83,

87-88 [1994]; *see Morone v Morone*, 50 NY2d 481, 484 [1980]). "It is well[ ]established that the processing of a suggestion pursuant to an employee suggestion plan creates a contractual relationship between the employee and the employer under the rules of the plan" (*Didley v General Motors Corp.*, 837 F Supp 535, 539 [1993]; *see deCiutiis v Nynex Corp.*, 1996 WL 512150,*3, 1996 US Dist LEXIS 13122, *10-11 [SD NY 1996]; *see also Milich v Schenley Indus.*, 54 AD2d 659 [1976], *affd* 42 NY2d 952 [1977]; *Streeter v Eastman Kodak Co.*, 251 AD2d 1064 [1998]). Thus, the court properly determined that plaintiff stated a cause of action for breach of contract (*see Furia v Furia*, 116 AD2d 694, 695 [1986]).

Defendant also contended in support of its motion that this action is time-barred because it is properly a proceeding under CPLR article 78 and thus is barred by the four-month statute of limitations. We reject that contention. "The proper vehicle for seeking damages arising from an alleged breach of contract by a . . . governmental body is an action for breach of contract, not a proceeding pursuant to CPLR article 78" (*Kerlikowske v City of Buffalo*, 305 AD2d 997, 997 [2003]; *see Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498, 499-500 [2000]; *Matter of Barrier Motor Fuels v Boardman*, 256 AD2d 405, 405-406 [1998]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.