FOURTH DEPARTMENT, JUNE, 2009

(June 5, 2009)

■ TAG MECHANICAL SYSTEMS, INC., Respondent, v V.I.P. STRUCTURES, INC., Appellant. [880 NYS2d 437]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 10, 2008 in a breach of contract action. The order and judgment granted plaintiff's motion for, inter alia, summary judgment and denied defendant's cross motion for leave to serve an amended answer.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying the motion and by granting that part of the cross motion for leave to serve an amended answer to include the proposed affirmative defenses and counterclaims based on commercial bribery with respect to the contracts for projects in Tahlequah, Oklahoma; Hazard, Kentucky; and Skaneateles, New York upon condition that defendant shall serve an amended answer within 30 days of service of the order of this Court with notice of entry and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendant's alleged breach of contract, based upon a series of contracts pursuant to which plaintiff was to perform certain construction services for defendant. The complaint concerns four contracts, relating to projects in Tahlequah, Oklahoma; Hazard, Kentucky; Skaneateles, New York; and Syracuse, New York. Plaintiff moved for summary judgment on the complaint, seeking damages in the total amount owed pursuant to the four contracts, and plaintiff sought dismissal of defendant's affirmative defenses and counterclaims. Defendant cross-moved for leave to serve an amended answer to include additional affirmative defenses and counterclaims based on fraud and commercial bribery with respect to the Tahlequah, Hazard and Skaneateles contracts, as well as with respect to an alleged fifth contract between the parties concerning construction services rendered by plaintiff at a project in Gas City, Indiana. We conclude that Supreme Court erred in granting plaintiff's motion and in denying that part of defendant's cross motion for leave to serve an amended answer to include the proposed affirmative defenses and counterclaims based on commercial bribery with respect to the Tahlequah, Hazard and Skaneateles projects. We therefore modify the order and judgment accordingly.

Addressing first defendant's cross motion, we note the well established principle that, " '[g]enerally, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court' " (*Carro v Lyons Falls Pulp & Paper, Inc.*, 56 AD3d 1276, 1277 [2008]; *see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). In our view, the court properly denied that part of the cross motion seeking leave to serve an amended answer to include an affirmative defense and counterclaim based on fraud. The proposed amended answer contains no allegation of reasonable reliance upon a representation of plaintiff. Such an allegation is a necessary element of fraud (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 19 AD3d 1056, 1058 [2005], *affd* 7 NY3d 152 [2006]), and thus the failure to plead reliance renders defendant's proposed affirmative defense and counterclaim patently without merit (*see e.g. Gelmac Quality Feeds, Inc. v Ronning*, 23 AD3d 1019 [2005]; *Dos v Scelsa & Villacara*, 200 AD2d 705, 707 [1994], *lv denied* 84 NY2d 840 [1994]; *cf.* CPLR 3016 [b]; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]). We further conclude, however, that the court erred in denying that part of defendant's cross

motion seeking leave to serve an amended answer to include affirmative defenses and counterclaims based on commercial bribery. Here, defendant "sufficiently pleaded all the elements of [commercial bribery], i.e., that [plaintiff] conferred a benefit upon [defendant's] employee, without [defendant's] consent and with the intent to influence the employee's conduct" (*Niagara Mohawk Power Corp. v Freed*, 265 AD2d 938, 939 [1999]).

The court properly denied that part of defendant's cross motion seeking leave to serve an amended answer to include a counterclaim based on commercial bribery with respect to the Gas City contract. That contract was not at issue in the complaint, and the proposed counterclaim seeks affirmative relief unrelated to any matters addressed during the course of discovery (*see generally United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 22 AD3d 1017, 1019-1020 [2005]). Indeed, to permit that amendment well after the close of discovery would result in obvious prejudice to plaintiff (*see generally* CPLR 3025 [b]; *Edenwald Contr. Co.*, 60 NY2d at 959).

Turning next to plaintiff's motion, we conclude that the court erred in granting those parts of the motion with respect to the Tahlequah, Hazard and Skaneateles contracts. Even assuming, arguendo, that plaintiff met its initial burden with respect to those parts of the motion (*see generally Carltun on Bay Kosher Caterers v Makani*, 295 AD2d 464 [2002]; *Furia v Furia*, 116 AD2d 694, 695 [1986]), we conclude on the record before us that there is an issue of fact whether plaintiff used bribery to induce an employee of defendant to enter into those contracts on defendant's behalf (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The bribery, if proven, would prevent plaintiff from obtaining any recovery with respect to those three contracts (*cf. United States Fid. & Guar. Co.*, 22 AD3d at 1019-1020).

Finally, we conclude that the court erred in granting that part of plaintiff's motion with respect to the Syracuse contract. Plaintiff failed to submit that contract in support of its motion and, even assuming, arguendo, that plaintiff met its initial burden with respect to the Syracuse contract, we conclude that defendant raised a triable issue of fact by submitting evidence that it was not a party to the Syracuse contract (*see generally Zuckerman*, 49 NY2d at 562). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ. [*See* 20 Misc 3d 1117(A), 2007 NY Slip Op 52560(U).]