■ NIAGARA FALLS WATER BOARD, Respondent-Appellant, v CITY OF NIAGARA FALLS, Appellant-Respondent. [881 NYS2d 763]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 16, 2008. The order granted in part the motion of defendant to dismiss the complaint and granted in part the cross motion of plaintiff for leave to amend the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion to dismiss the first cause of action and reinstating that cause of action and by granting that part of the cross motion with respect to that cause of action upon condition that plaintiff shall serve an amended complaint within 20 days of service of the order of this Court with notice of entry, and by granting those parts of the motion to dismiss the third, fourth, and fifth

causes of action and dismissing those causes of action and by denying those parts of the cross motion with respect to those causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover funds allegedly due pursuant to the terms of Resolution 2003-90, adopted by defendant's City Council (Resolution), and pursuant to an Acquisition Agreement between the parties. Addressing first plaintiff's cross appeal, we agree with plaintiff that Supreme Court erred in granting that part of defendant's motion to dismiss the first cause of action, alleging breach of contract, for failure to state a cause of action and in denying that part of plaintiff's cross motion seeking leave to amend the first cause of action. "In determining whether a complaint fails to state a cause of action, a court is required to 'accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Daley v County of Erie*, 59 AD3d 1087, 1087 [2009], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see generally* CPLR 3211 [a] [7]). Here, the Resolution sets forth defendant's express undertaking to grant funds in satisfaction of the unpaid water bills of nonparty Niagara Falls Memorial Medical Center. The complaint and the proposed amended complaint allege that plaintiff was entitled to those funds as an account receivable under the terms of the Acquisition Agreement. Further, "leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*TAG Mech. Sys., Inc. v V.I.P. Structures, Inc.*, 63 AD3d 1504, 1505 [2009] [internal quotation marks omitted]; *see generally* CPLR 3025 [b]). Here, defendant has not demonstrated the requisite prejudice that would result from the proposed amendment to the breach of contract cause of action, nor is the proposed amendment to that cause of action patently lacking in merit. We therefore modify the order accordingly.

We agree with defendant, however, that the court properly granted that part of its motion to dismiss the second cause of action, for unjust enrichment. Inasmuch as the Acquisition Agreement governs the parties' rights with respect to all water-related accounts receivable, plaintiff has no right to quasi-contractual relief (*see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). We further agree with defendant that the court erred in denying those parts of its motion to dismiss the remaining causes of action and in granting

those parts of plaintiff's cross motion with respect to those causes of action. The third cause of action, for misrepresentation, is impermissibly "based solely upon a mere failure to perform promises of future acts. A failure so to perform is merely a breach of contract, which must be enforced by an action on that contract" (*Wegman v Dairylea Coop.*, 50 AD2d 108, 113 [1975], *lv dismissed* 38 NY2d 710, 918 [1976]; *see Hawthorne Group v RRE Ventures*, 7 AD3d 320, 323-324 [2004]). The fourth cause of action, seeking declaratory relief, is " 'unnecessary and inappropriate [because] the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract' " (*Main Evaluations v State of New York*, 296 AD2d 852, 853 [2002], *appeal dismissed and lv denied* 98 NY2d 762 [2002]). Finally, the fifth cause of action, for indemnification, is also duplicative of the breach of contract cause of action. We therefore further modify the order accordingly. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.