# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**649**

**CA 11-00331**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

NIAGARA FALLS WATER BOARD, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS, DEFENDANT-APPELLANT.

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HEATH J. SZYMCZAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (JAMES P. DOMAGALSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 5, 2010. The order, among other things, granted plaintiff's motion to compel and denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion for summary judgment dismissing the second amended complaint is granted and plaintiff's motion to compel discovery is denied.

Memorandum: Plaintiff commenced this action seeking, inter alia, to recover funds allegedly owed to it pursuant to the terms of Resolution No. 2003-90 (Resolution), adopted by defendant's City Council, and pursuant to an Acquisition Agreement between the parties. The Acquisition Agreement provided that, inter alia, plaintiff was to purchase from defendant certain assets, including "all accounts receivable of [defendant] . . . in connection with its water, wastewater and stormwater related accounts." On a prior appeal and cross appeal, we modified an order granting in part defendant's pre-answer motion to dismiss the complaint and plaintiff's cross motion seeking leave to amend the complaint (*Niagara Falls Water Bd. v City of Niagara Falls*, 64 AD3d 1142). We concluded that Supreme Court should have denied the motion and granted the cross motion with respect to the first cause of action, for breach of contract. Accepting the facts as alleged in the complaint as true and according plaintiff the benefit of every possible inference (*Daley v County of Erie*, 59 AD3d 1087), we agreed with plaintiff that it had alleged a cognizable breach of contract cause of action (*Niagara Falls Water Bd.*, 64 AD3d at 1143). We further concluded, however, that the remaining causes of action were either properly dismissed or should have been dismissed (*id.* at 1143-1144). Plaintiff subsequently filed and served a second amended complaint asserting a nearly identical

breach of contract cause of action.

Defendant appeals from an order that, inter alia, denied its motion for summary judgment dismissing the second amended complaint. Inasmuch as we are no longer constrained to accept plaintiff's allegations as true (*cf*. CPLR 3211; *Daley*, 59 AD3d 1087), we reverse. The Resolution, adopted prior to the date on which defendant assigned all accounts receivable to plaintiff, approved a grant to be paid from defendant's future revenue in satisfaction of the unpaid water bills of non-party Niagara Falls Memorial Medical Center (Memorial). Even assuming, arguendo, that the Resolution does not violate the constitutional prohibition against gifts to private entities (*see* NY Const, art VIII, § 1), we conclude that there is nothing in the Acquisition Agreement that requires defendant to pay all or part of Memorial's unpaid water bills. We reject plaintiff's contention that the Resolution created an encumbrance to the transfer of assets and accounts receivable required by the Acquisition Agreement. Indeed, there appears to be nothing in either the Acquisition Agreement or the Resolution that would prohibit plaintiff from seeking payment from Memorial for any unpaid water bills. Further, plaintiff failed to establish, beyond mere speculation, that further discovery was necessary (*see generally* CPLR 3212 [f]; *Heritage Hills Socy., Ltd. v Heritage Dev. Group, Inc.*, 56 AD3d 426, 427).

In view of our determination, plaintiff's motion to compel defendant to reply to its discovery demands is denied as academic.

Entered:  June 17, 2011                         Patricia L. Morgan
                                                Clerk of the Court