# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**613**

**CA 11-00681**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

SANDRA TINCH-MCNEILL, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ALCOHOL AND DRUG DEPENDENCY SERVICES, INC.,
DEFENDANT-RESPONDENT.

---

FRANK S. FALZONE, BUFFALO (RONALD HART OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, WILLIAMSVILLE (BRIAN WISNIEWSKI
OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered September 24, 2010. The order, among other things, denied plaintiff's motion for leave to serve and file a first amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant, plaintiff's former employer, unlawfully discriminated against her by terminating her employment based on her age, gender, and race in violation of Executive Law § 296. Plaintiff appeals from an order denying her motion for leave to serve and file a first amended complaint containing new causes of action and adding a defendant. We affirm. " 'Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*McFarland v Michel,* 2 AD3d 1297, 1300; *see* CPLR 3025 [b]; *Tag Mech. Sys., Inc. v V.I.P. Structures, Inc.*, 63 AD3d 1504, 1505). Where, however, "there has been an extended delay in moving [for leave] to amend, the party seeking leave to amend must establish a reasonable excuse for the delay" (*Jablonski v County of Erie*, 286 AD2d 927, 928). Here, the court properly denied the motion with respect to the additional causes of action inasmuch as plaintiff failed to establish a reasonable excuse for her delay of nearly seven years in making the motion (*see id.; cf. Boxhorn v Alliance Imaging, Inc.,* 74 AD3d 1735, 1736).

Plaintiff further contends that she should have been allowed to add Richard J. Gallagher, defendant's executive director, as a defendant in the action. We reject that contention. Plaintiff does not dispute that the action against Gallagher is untimely, but instead

contends that the claims against him relate back to the timely complaint filed against defendant in August 2003. The relation-back doctrine, which is codified in CPLR 203 (b), allows the addition of a party after the expiration of the statute of limitations under three conditions: (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and by reason of that relationship may be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits, and (3) the additional party knew or should have known that, but for a mistake by the plaintiff concerning the identity of the proper parties, the action would have been brought against the additional party as well (*see Buran v Coupal*, 87 NY2d 173, 178). Here, plaintiff and her attorneys knew from the time of her termination that Gallagher was the individual who made the decision to terminate her, and plaintiff offers no reason for failing to name Gallagher as a defendant in the complaint. Thus, the third prong of the relation-back doctrine is not satisfied because it cannot be said that, "but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against [Gallagher] as well" (*id.* at 178; *see Doe v HMO-CNY*, 14 AD3d 102, 105-106).

Entered: June 8, 2012                                              Frances E. Cafarell
                                                                   Clerk of the Court