Matter of Brighton Grassroots, LLC v Town of Brighton (2020 NY Slip Op 00754)





Matter of Brighton Grassroots, LLC v Town of Brighton


2020 NY Slip Op 00754


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND WINSLOW, JJ.


1114 CA 19-00576

[*1]IN THE MATTER OF BRIGHTON GRASSROOTS, LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
TOWN OF BRIGHTON, TOWN OF BRIGHTON TOWN BOARD, TOWN OF BRIGHTON PLANNING BOARD, M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA, LLC, MARDANTH ENTERPRISES, INC., DANIELE MANAGEMENT, LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENTS-DEFENDANTS. 






THE ZOGHLIN GROUP, PLLC, ROCHESTER (MINDY L. ZOGHLIN OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
WEAVER MANCUSO FRAME PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF BRIGHTON, TOWN OF BRIGHTON TOWN BOARD AND TOWN OF BRIGHTON PLANNING BOARD.
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA, LLC, MARDANTH ENTERPRISES, INC. AND DANIELE MANAGEMENT, LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered February 7, 2019 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment, among other things, granted the motions of respondents-defendants Town of Brighton, Town of Brighton Town Board, Town of Brighton Planning Board, M & F, LLC, Daniele SPC, LLC, Mucca Mucca, LLC, Mardanth Enterprises, Inc., and Daniele Management, LLC, collectively doing business as Daniele Family Companies, for partial dismissal of the amended petition-complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motions in part with respect to the 9th, 10th and 14th causes of action, vacating the last two decretal paragraphs, and reinstating the 14th cause of action, and as modified the order and judgment is affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action to, inter alia, annul the determination of respondent-defendant Town of Brighton Town Board (Town Board) approving an incentive zoning application by respondents-defendants M & F, LLC, Daniele SPC, LLC, Mucca Mucca, LLC, Mardanth Enterprises, Inc., and Daniele Management, LLC, collectively doing business as Daniele Family Companies, in connection with a proposed Whole Foods store in respondent-defendant Town of Brighton (Town). Petitioner appeals from an order and judgment that, inter alia, granted the motions of respondents-defendants (respondents) to dismiss certain causes of action and claims in the amended petition-complaint.
Contrary to petitioner's contention, Supreme Court properly dismissed its 11th cause of action, which alleged a violation of Brighton Town Code chapter 113, because there is no private right of action to enforce that provision (see generally Rubman v Osuchowski, 163 AD3d [*2]1471, 1474 [4th Dept 2018]).
Even assuming, arguendo, that petitioner's 12th and 13th causes of action challenging the validity of the Town's incentive zoning law (Brighton Town Code ch 209) were timely commenced (see generally Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 9 [2014]), we nevertheless conclude that those causes of action were properly dismissed on the merits because the provisions of the challenged incentive zoning law are consistent with its authorizing legislation (see Town Law
§ 261-b). Contrary to petitioner's contention, section 261-b does not require an incentive zoning law to specifically adopt a prospective formula for weighing the costs and benefits of awarding any particular incentive under the law.
Contrary to petitioner's further contentions, we conclude that its claims under the Open Meetings Law (Public Officers Law art 7) were properly dismissed. Specifically, petitioner's claim alleging that one or more secret meetings took place as evidenced by a specific press conference is speculative and conclusory (see Matter of Feinberg-Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d 1350, 1353 [3d Dept 2018]; Residents for More Beautiful Port Washington v Town of N. Hempstead, 153 AD2d 727, 729 [2d Dept 1989], lv denied 75 NY2d 703 [1990]), petitioner's claim regarding the online posting of voluminous information prior to the March 28, 2018 public meeting is without merit (see Matter of Clover/Allen's Cr. Neighborhood Assn. LLC v M & F, LLC, 173 AD3d 1828, 1831-1832 [4th Dept 2019]), and petitioner's claim regarding the facility used for the February 28, 2018 public hearing is likewise without merit (see generally Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1351-1352 [3d Dept 2013]). In light of our determinations on those claims, petitioner's contention that the court erred in denying its cross motion for discovery in connection therewith is academic (see Niagara Falls Water Bd. v City of Niagara Falls, 85 AD3d 1664, 1665 [4th Dept 2011], lv denied 17 NY3d 714 [2011]). We note that there is no indication in the record that the court considered the various affidavits to which petitioner now objects.
We agree with petitioner, however, that the court erred by granting a declaration in favor of respondents on petitioner's 9th and 10th causes of action, which allege violations of the public trust doctrine, because there are unresolved factual issues concerning the impact of the Whole Foods development on a recreational trail known as the Auburn Trail, including whether the development would require the constructive abandonment of the existing public use easements for that trail (see Clover/Allen's Cr. Neighborhood Assn. LLC, 173 AD3d at 1829-1831; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150-1152 [2d Dept 2011]). We therefore modify the order and judgment by vacating the last two decretal paragraphs.
We further agree with petitioner that the court erred in granting those parts of the motions seeking to dismiss its 14th cause of action concerning a permissive referendum under Town Law § 64 (2) (cf. Matter of Conners v Town of Colonie, 108 AD3d 837, 838-842 [3d Dept 2013]), and we therefore further modify the order and judgment accordingly. Contrary to the court's determination, that cause of action is ripe for adjudication (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518-521 [1986], cert denied 479 US 985 [1986]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court