Alleghany Constr. Inc. v Chautauqua Woods Corp. (2021 NY Slip Op 07410)





Alleghany Constr. Inc. v Chautauqua Woods Corp.


2021 NY Slip Op 07410


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1006 CA 21-00601

[*1]ALLEGHANY CONSTRUCTION INC., PLAINTIFF-RESPONDENT,
v
CHAUTAUQUA WOODS CORP. AND SHAANT INDUSTRIES, INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 






COTTER & COTTER, BUFFALO (DAVID B. COTTER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (JOSEPH M. CALIMERI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered March 12, 2021. The order denied the motion of defendants for relief pursuant to CPLR 5015 and leave to serve an amended answer. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this breach of contract action, defendants appeal, in appeal No. 1, from an order granting plaintiff's motion for summary judgment on the complaint and awarding plaintiff $47,523.02 in damages. Subsequent to the entry of the order in appeal No. 1, a judgment in that amount was entered in favor of plaintiff. In appeal No. 2, defendants appeal from an order denying their motion seeking "relief from the judgment or order" pursuant to CPLR 5015 and seeking leave to amend their answer pursuant to CPLR 3025 (b).
Initially, we dismiss the appeal from the order in appeal No. 1. The right to appeal from that order terminated upon entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]; McDonough v Transit Rd. Apts., LLC, 164 AD3d 1603, 1603 [4th Dept 2018]; see also CPLR 5501 [a] [1]), and no appeal was taken therefrom.
With respect to appeal No. 2, we note that, inasmuch as defendants have not raised on appeal any issues with respect to the denial of that part of their motion seeking relief pursuant to CPLR 5015, they have abandoned any contentions with respect thereto (see Friscia v Village of Geneseo, 197 AD3d 848, 849 [4th Dept 2021]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). 
We reject defendants' contention that Supreme Court erred in denying that part of their motion seeking leave to amend their answer. "[G]enerally, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court" (Tag Mech. Sys., Inc. v V.I.P. Structures, Inc., 63 AD3d 1504, 1505 [4th Dept 2009] [internal quotation marks omitted]; see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). Here, defendants sought leave to amend their answer to include a counterclaim based on breach of warranty. The contracts involved in the proposed counterclaim, however, were "not at issue in the complaint, and the proposed counterclaim [sought] affirmative relief unrelated to any matters addressed during the course of discovery" (Tag Mech. Sys., Inc., 63 AD3d at 1506). Further, the proposed counterclaim would inevitably involve additional discovery and resulting delays (see Ness Tech. SARL v Pactera Tech. Intl. Ltd., 180 AD3d 607, 608 [1st Dept 2020]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court